THE STATE OF OHIO, APPELLEE, v. PERNELL, APPELLANT.

[Cite as State v. Pernell (1976), 47 Ohio App. 2d 261.]

(No. 34144—Decided February 5, 1976.)

*Mr. J. T. Corrigan* and *Mr. Robert A. Ruggeri*, for appellee.

*Mr. Joel H. Feld*, for appellant.

KRENZLER, C. J. On May 21, 1974, the appellant, Richard Pernell, was indicted by the Cuyahoga County Grand Jury for possession for sale of heroin (R. C. 3719.20(A)), sale of heroin (R. C. 3719.20(B)), and conspiracy with another person to violate R. C. 3719.09 (R. C. 3719.20(H)).

At his arraignment, the appellant entered a plea of not guilty to these three charges. On September 16, 1974, the appellant retracted his previous plea of not guilty and entered a plea of no contest to the third count of the indictment.

At the time the appellant entered his plea of no contest he was addressed by the trial court who advised him that by his plea of no contest he was waiving his rights to a jury trial, to confront the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to not be compelled to testify against himself. The court also explained the possible penalty for conviction of conspiracy to violate R. C. 3719.09, and the nature of a plea of no contest. The state then called special agent Robert Cole, who while not under oath narrated the facts as they applied to the third count of the indictment. At the conclusion of Mr. Cole's narrative statement of the facts, the court found the appellant guilty of violating R. C. 3719.20(H) in that he did conspire with another person to violate R. C. 3719.09. Then, on the recommendation of the prosecutor, the court entered a *nolle prosequi* as to the first and second counts of the indictment and then sentenced the appellant to the Ohio State Penitentiary for a period of from ten to twenty years on the third count of the indictment.

The judgment of the trial court was filed with the clerk of the Court of Common Pleas on October 17, 1974. On October 24, 1974, the appellant filed a timely notice of appeal and assigns three errors for this court's consideration.

"I. The trial court erred in failing to discharge its mandatory duties imposed by Rule 11 of the Ohio Rules of Criminal Procedure.

"II. The defendant-appellant's plea of no contest was not a knowledgeable and voluntary plea and the court erred in accepting such plea in violation of Rule 11 of the Ohio Rules of Criminal Procedure.

"III. The defendant-appellant's plea of no contest was not a knowledgeable and intentional relinquishment of his rights and contrary to his right of due process of law guaranteed under the Fourteenth Amendment to the United

States Constitution and Article I of the Constitution of the State of Ohio."

Because the appellant's first and third assignments of error are related, they will be treated together.

The appellant contends that since the lower court failed to inform him and also determine that he understood his right to have the state prove him guilty beyond a reasonable doubt, his plea of no contest was not made in compliance with Rule 11(C) of the Ohio Rules of Criminal Procedure and further that his action did not constitute a knowledgeable and intentional relinquishment of his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The appellant asserts that his plea was void and seeks the opportunity to plead anew.

The state, on the other hand, contends that a plea of no contest does not have the same legal significance as a plea of guilty and that the mandatory requirements of Criminal Rule 11(C) are not applicable in a felony case in which a defendant enters a plea of no contest. The state argues that when a defendant enters a plea of no contest he merely admits the truth of the facts alleged in the indictment, and and that when he enters a plea of guilty he admits guilt of a crime. The state argues that in a plea of no contest it is the court that makes a finding of guilt beyond a reasonable doubt based on the admissions by the defendant that the facts contained in the indictment are true. The state's position is that this finding is similar to a hearing before the court without a jury and that the defendant's admission that the facts contained in the indictment are true is to be treated the same as evidence presented in open court. In the state's view, the entering of a plea of no contest results in a hearing that is tantamount to a trial to the court alone in the which the court makes a finding of guilty based on the defendant's admissions. This is contrasted to a plea of guilty wherein the defendant actually admits his guilt to a crime. The state further argues that the trial court's finding of guilty is a full honoring of a defendant's right to be proven guilty beyond a reasonable doubt, and

that since the court here found the appellant guilty after his plea of no contest the appellant was not prejudiced by a failure of the court to explain to him the state's burden of proof.

The appellant's assigned errors one and three are well taken. The state's argument is not valid for the reasons stated below.

In this case we are dealing exclusively with Criminal Rule 11. Criminal Rule 11(A) provides that a defendant may plead not guilty, not guilty by reason of insanity, guilty, or, with the consent of the court, no contest.

Criminal Rule 11(B)(1) provides that a plea of guilty is a complete admission of the defendant's guilt. Criminal Rule 11(B)(2) provides that a plea of no contest is not an admission of the defendant's guilt but is an admission of the truth of the facts alleged in the indictment, information or complaint, and that such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding. A plea of no contest is considered a useful device by which a defendant may admit his liability to punishment without this admission being used against him in any subsequent civil or criminal proceeding. *United States* v. *Pannell* (C. A. 3, 1949), 178 F. 2d 98, *certiorari dismissed*, 339 U. S. 927.

Criminal Rule 11(C) then imposes certain duties on the trial court. First, if the defendant in a felony case is unrepresented by counsel, the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he has a right to be represented by retained or appointed counsel, waives this right to counsel. Criminal Rule 11 (C)(1). Further, in felony cases the court may refuse to accept a plea of guilty or a plea of no contest. Criminal Rule 11(C)(2). But if the court does accept such plea, it must address the defendant personally and determine that he is making the plea voluntarily, with an understanding of the nature of the charge, and of the maximum penalty involved, and if applicable, that he is not eligible for probation. Criminal Rule 11(C)(2)(a). The court must also inform the defendant and determine that he understands the

effect of a plea of guilty or no contest and that the court upon acceptance of the plea may proceed with judgment and sentence. Criminal Rule 11(C)(2)(b).

Lastly, Criminal Rule 11(C)(2)(c) contains in rule form five rights, four of which are provided for in the Fifth and Sixth Amendments of the United States Constitution and Section 10, Article I of the Constitution.[1] The court must inform the defendant, and determine that he understands, that he is waiving these rights. They are the right to a trial by jury; to confront witnesses against him; to have compulsory process for obtaining witnesses in his favor; to require the state to prove his guilt beyond a reasonable doubt; and the right not to be compelled to testify against himself.

It is important to note that under Criminal Rule 11 the procedure to be followed when a court accepts a plea of guilty or no contest is the same. The fact that a plea of guilty is a complete admission of the defendant's guilt, while a plea of no contest is not an admission of the defendant's guilt but only an admission of the truth of the facts alleged in the indictment, does not make any difference. Criminal Rule 11(C)(2) provides that in felony cases the court may refuse to accept a plea of guilty or a plea of no contest and shall not accept either plea without first addressing the defendant personally and both informing him and making the determinations required in Criminal Rule 11(C)(2)(a) (b) and (c), as mentioned above. A plea of no contest followed by the trial court's acceptance of the plea and finding the defendant guilty of the crime to which he entered his plea is not the same as a trial to the court without a jury. Since the procedure for entering a plea of no contest is identical to that of entering a plea of guilty in a felony case, we are bound by our decision in *State* v. *Buchanan* (1974), 43 Ohio

---

[1] The fifth right, the right to be proven guilty beyond a reasonable doubt, although it is not expressly found in the United States Constitution, has been implied by the courts through the Fourteenth Amendment Due Process Clause. See *In re Winship* (1970), 397 U. S. 358. This right also has a statutory basis in Ohio in R. C. 2901.05(A) and R. C. 2938.08.

App. 2d 93,[2] which requires scrupulous adherence to the procedures of Criminal Rule 11(C).

In the instant case the lower court did not inform the appellant of his right to have the state prove him guilty beyond a reasonable doubt, nor did it determine that he understood that he was waiving this right before it accepted his plea of no contest. This is contrary to the express provisions of Criminal Rule 11(C)(2)(c).

In his second assignment of error, the appellant contends that his plea of no contest was not knowing and voluntary, in that at the time of his plea he was in severe pain and under great stress, and therefore unable to fully comprehend the nature of his plea. This contention is not valid. While the record does indicate that the appellant was suffering some back pain prior to and at the time of his plea, it does not show that the appellant was in such pain that he did not understand the nature of his plea or that it was involuntarily made.

For the reasons stated above, the first and third assignments of error are well taken. The plea of no contest made in this case is vacated, and the judgment of the lower court is reversed. The case is remanded for further proceedings according to law, and the three count indictment is reinstated.

*Judgment reversed.*

DAY, and MANOS, JJ., concur.

---

[2]A motion for leave to appeal in *Buchanan* was overruled by the Ohio Supreme Court on April 17, 1975.