THE STATE OF OHIO, APPELLEE, *v.*
THORPE, APPELLANT.

(No. 45040—Decided February 10, 1983.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. Robert M. Ingersoll,* for appellant.

JACKSON, J. Appellant, Curtis Thorpe, was indicted on three courts of possession of illegal drugs, and on one count of carrying a concealed weapon. One of the counts of drug possession was a misdemeanor offense; the other two counts of drug abuse, and the weapons offense, were felony charges. Appellant filed a motion to suppress the evidence seized at the time of his arrest; this motion was overruled by the trial court. He thereupon entered a plea of no contest to all four charges against him. The trial court found him guilty on all counts. Appellant filed a *pro se* appeal from his convictions. This court appointed the public defender to represent him in this proceeding. The sole assignment of error[1] raised on appeal is that the trial court did not have before it sufficient evidence to find the appellant guilty of the crime of carrying a concealed weapon.[2]

The appellant contends that the evidence submitted to the trial court was insufficient to prove him guilty beyond a reasonable doubt, and that it was equally consistent with a reasonable theory of in-

---

[1] Assignment of Error:

"The trial court erred when it convicted appellant of carrying a concealed weapon based upon facts insufficient to support a conviction."

[2] The trial court's denial of appellant's mo-

tion to suppress has not been assigned as error, nor have any issues been raised on appeal challenging appellant's conviction on three counts of possession of illegal drugs. Appellant's convictions for these three offenses are therefore summarily affirmed.

1

nocence, and that, therefore, under *Jackson* v. *Virginia* (1979), 443 U.S. 307, and *State* v. *Kulig* (1974), 37 Ohio St. 2d 157 [66 O.O.2d 351], he must be acquitted of the charge of carrying a concealed weapon.

Crim. R. 11(B)(2) provides, in part:

"The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

In the case of *State* v. *Pernell* (1976), 47 Ohio App. 2d 261 [1 O.O.3d 318], this court of appeals recognized that a plea of no contest is an admission of the facts contained in the indictment. A trial court may, in its discretion, refuse to accept a no contest plea. For example, in a felony case, when it appears from the facts recited by the prosecutor that the defendant did not commit the offense charged in the indictment, the proper course is for the trial court to refuse the plea. Cf. *State* v. *Cohen* (1978), 60 Ohio App. 2d 182 [14 O.O.3d 142]. In misdemeanor cases, the trial court has authority to find a defendant not guilty upon the defendant's or the prosecutor's presentation of the facts. R.C. 2937.07.[3] In felony cases, however, there is no comparable statutory authority for the court to find the defendant not guilty, after a no contest plea is entered. A plea of no contest followed by a finding of guilt is not equivalent to a trial to the court, because the prosecution does not have the obligation to present evidence proving the defendant guilty beyond a reasonable doubt. *State* v. *Pernell, supra.*

The procedure followed in Ohio with respect to felony cases appears to be the universal practice among American jurisdictions. See Annotation, Plea of Nolo Contendere or Non Vult Contendere (1963), 89 A.L.R. 2d 540.

In the case at bar, the indictment charges appellant with carrying a concealed weapon. Three police officers testified at the hearing on appellant's motion to suppress that they had seen appellant and another man standing close together on a street corner where numerous drug sales take place.[4] When the police approached, the two men ran. Appellant reached into his right pocket, and pulled something out, as he ran into a store. Appellant tried to close the door of the store against the police officers. One of the policeman heard a "thump" on the other side of the door. They forced the door open, and saw appellant standing at the door, one man behind the counter of the store, and several other men at the other end of the store. A loaded revolver was on the floor behind the door. A search of appellant's person revealed that he was carrying three types of contraband drugs.

Appellant essentially contends that a plea of no contest is a stipulation of evidence, not a stipulation of facts. We are persuaded that appellant's contention is incorrect. A plea of no contest is an admission of the facts contained in the indictment. In some cases, it may appear to the trial court that the facts as recited by the prosecutor do not constitute the offense charged in the indictment. When that occurs in a felony case, the court should refuse to accept the plea. In the case at bar, however, the facts recited by

---

[3] "* * * If the plea be 'no contest' or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge or magistrate may make [a] finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentence accordingly. * * *"

The provisions of R.C. 2937.07 are substantive, not procedural, and are not superseded by Crim. R. 11(B)(2). *Springdale* v. *Hubbard* (1977), 52 Ohio App. 2d 255 [6 O.O.3d 257].

[4] Two of the police officers testified that the men had their hands in their pockets. The third officer testified that the men's hands were out of their pockets, and that they were moving their hands toward each other.

the prosecutor are consistent with the indictment. The circumstantial evidence adduced at the hearing on appellant's motion to suppress tended to prove all the elements of the offense of carrying a concealed weapon. Whether this circumstantial evidence would have been a sufficient basis for conviction at trial is irrelevant, for the appellant admitted the facts of the indictment by pleading no contest. The appellant's assignment of error is not well-taken.

Accordingly, the appellant's convictions are affirmed.

*Judgment affirmed.*

PARRINO, P.J., concurs in judgment only as to opinion of JACKSON, J.

PARRINO, P.J., concurs in concurring opinion of MARKUS, J.

MARKUS, J., concurring. Crim. R. 11(B)(2) directs that a "no contest" plea "is an admission of the truth of the facts alleged in the indictment, information, or complaint * * *." That rule applies with equal force to felony and misdemeanor prosecutions. Crim. R. 1(A); *State, ex rel. Sawyer,* v. *O'Connor* (1978), 54 Ohio St. 2d 380, 381-382 [8 O.O.3d 393] (for misdemeanors); *State, ex rel. Leis,* v. *Gusweiler* (1981), 65 Ohio St. 2d 60 [19 O.O.3d 257] (for felonies); *State* v. *Pernell* (1976), 47 Ohio App. 2d 261 [1 O.O.3d 318]. For felony cases, the trial court must determine that the defendant is making the plea voluntarily, advise the defendant about the effect of such a plea, and determine that the defendant understands its effect, including the court's power to "proceed with judgment and sentence" upon acceptance of that plea. Crim R. 11(C)(2)(b).

At least for noncapital cases, there is no requirement for the court to obtain testimony or a recitation of facts from anyone before entering a guilty finding, after a no contest plea in a felony case. Crim. R. 11(C)(4). Unlike the practice followed in federal courts, an Ohio trial court has no obligation to determine that a factual basis exists for the plea by a hearing on the record. Compare Fed. R. Crim. P. 11(f); *Santobello* v. *New York* (1971), 404 U.S. 257, 261.

In jurisdictions like Ohio, which do not require a record recitation sufficient to show a factual basis for a guilty or no contest plea, such information may still be necessary to determine whether that plea is voluntary where the defendant simultaneously asserts his innocence. See *Willett* v. *Georgia* (C.A. 5, 1979), 608 F. 2d 538, 540. Of course, the court should decline to accept a guilty or no contest plea in a felony case if the judge is not satisfied after hearing recitations by counsel or others that it has been entered knowingly, intelligently, and voluntarily. Cf. *State* v. *Cohen* (1978), 60 Ohio App. 2d 182 [14 O.O.3d 142].

The trial court has clear authority in a felony case to determine whether the facts *alleged in the indictment, information, or complaint* are sufficient to justify conviction of the offense charged. If not, the judge may dismiss the charge or find the defendant guilty of a lesser included offense which is shown by those alleged facts. *State, ex rel. Leis,* v. *Gusweiler, supra.*

While double jeopardy considerations might prevent review of a trial court's finding of an acquittal or guilt on a lesser included offense from information outside the allegations in the felony indictment, the trial judge should not consider such matters. Cf. *State, ex rel. Leis,* v. *Gusweiler, supra.* The sole offense involved in this appeal is a felony, so we need not and do not express any view whether the same rules apply to misdemeanor cases.

Since the indictment in this case does allege facts sufficient to support a conviction, the trial court's acceptance of the no contest plea required a guilty finding.

PARRINO, P.J., concurs in the foregoing opinion.