[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
This matter is before the court as an appeal from the Lucas County Court of Common Pleas. It comes before the court on counsel's motion to withdraw as appellant's attorney and the Anders Brief in support thereof.
On June 30, 1998, appellant was indicted on one count of robbery, a violation of R.C. 2911.02(A)(3) and a felony of the third degree. On July 17, 1998, the trial court appointed counsel to represent appellant and appellant was arraigned.
Appellant's counsel filed several discovery motions and a motion to determine competency. After the trial court found appellant to be competent, appellant entered a plea of no contest on August 26, 1998. According to the indictment, appellant committed a theft offense and used force against another. According to the prosecutor's statement to the trial court at the plea hearing, defendant attacked a parking lot attendant collecting money from a deposit box, wrestled the victim to the ground, and took $20.42. The trial court sentenced appellant to serve a maximum term of five years in prison.
Appellant's attorney, who represented him in the trial court as well as for this appeal, has submitted a motion to withdraw as counsel pursuant to Anders v. California (1967),386 U.S. 738. In support of his request, and pursuant to the guidelines set forth in Anders, appellant's counsel asserts that after an extensive review of the record, he was unable to find any valid, arguable issues for appeal. In that event, counsel must submit a brief setting forth anything in the record which might arguably support an appeal and furnish a copy of the brief and motion to appellant. Anders,386 U.S. at 744. Appellant has not submitted a brief of his own.
Counsel for appellant has raised the following potential assignments of error:
"FIRST ASSIGNMENT OF ERROR
 WHETHER PURSUANT TO OHIO LAW AND THE UNITED STATES CONSTITUTION, THE DEFENDANT-APPELLANT'S CONVICTION IS SUPPORTED BY SUFFICIENT PROOF OF GUILT AS TO EACH ELEMENT OF THE OFFENSE CHARGED.
"SECOND ASSIGNMENT OF ERROR
 WHETHER DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL, IN VIOLATION OF HIS SIXTH AMENDMENT RIGHTS.
"THIRD ASSIGNMENT OF ERROR
 WHETHER THE TRIAL COURT AND JUDGE ERRED IN APPLYING RULE 11 (sic) WHEN ACCEPTING THE DEFENDANT-APPELLANT'S NO CONTEST PLEA.
"FOURTH ASSIGNMENT OF ERROR
 WHETHER THE TRIAL COURT AND JUDGE ERRED AND DID NOT ALLOW ALL RIGHTS TO THE DEFENDANT PURSUANT TO OHIO REVISED CODE SS 2929.11, 2929.12, AND CRIMINAL RULE 32."
In his first proposed assignment of error, appellant's attorney suggests that the record might arguably show that the evidence submitted at the plea hearing did not establish that appellant was the individual who committed the offense. Appellant's counsel concludes that if the standards of proof of beyond a reasonable doubt or sufficiency of evidence are used, the trial court correctly found appellant guilty of every element of the offense.
Appellant waived his right to a finding of guilt beyond a reasonable doubt when he entered his no contest pleas. Following a no contest plea in a felony case, the prosecution has no obligation to present evidence proving appellant's guilt, let alone identity, beyond a reasonable doubt. State v.Kutz (1993), 87 Ohio App.3d 329, 337, citing State v.Thorpe (1983), 9 Ohio App.3d 1, 2; 2 see Crim.R. 11(C)(4).
 "In a felony case, neither the Criminal Rules nor statutes require an * * * explanation of circumstances to the trial judge prior to a finding of guilt * * * The trial court needs only to examine the facts alleged in the indictment to determine whether a defendant is guilty of the crime charged. The only exception to this rule is when a representation is made to the court, where such representation would negate a factualallegation of the indictment." Id.
Appellant did not dispute the facts alleged in the indictment.
Accordingly, appellant's first proposed assignment of error is found not well-taken.
In his second proposed assignment of error, appellant suggests his trial attorney did not adequately represent him. However, appellant does not explain how his attorney was allegedly ineffective or refer to any part of the record where arguable error occurred to support a broad claim of ineffective assistance of counsel. See Anders v. California, supra and App.R. 16(A)(3).
An attorney's performance will not be deemed ineffective unless it is proved counsel's performance fell below an objective standard of reasonable representation and caused prejudice. SeeState v. Adams (Apr. 17, 1998), Lucas App. No. L-93-248, unreported, citing State v. Bradley (1989),42 Ohio St.3d 136, paragraphs two and three of the syllabus.
We agree with appellant's counsel that nothing in the record shows his representation was defective or prejudiced appellant. The attorney filed multiple pretrial motions on appellant's behalf. Appellant acknowledged he was satisfied with the advice of his attorney when he entered his plea. While the attorney's privileged discussions with his client are not part of the record we can review on appeal, the record does not show any reason to believe appellant's trial attorney ineffectively represented him. See State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus; Celestino v. Schneider
(1992), 84 Ohio App.3d 192, 197.
Accordingly, appellant's second proposed assignment of error is found not well-taken.
In the third proposed assignment of error, appellant's counsel suggests that appellant's plea may not have been in conformity with procedures used to ensure a plea is made knowingly, voluntarily, and intelligently. A review of the written plea form, as well as the transcript of the plea hearing, shows that the trial court thoroughly complied with the requirements of Crim.R. 11(C) to ensure appellant understood the consequences of entering a no contest plea, including the rights he was waiving and possible penalties.
Accordingly, appellant's third proposed assignment of error is found not well-taken.
In his fourth proposed assignment of error, appellant suggests that the trial judge did not adhere to the statutory sentencing criteria when he imposed a maximum sentence of five years in prison for committing a third degree felony. Neither a prison term nor community control are presumed for a third degree felony. R.C. 2929.12(C). Persons sentenced to maximum prison terms may appeal that sentence as of right. R.C. 2953.08(A)(1).
Before imposing a maximum prison sentence for a third degree felony, the trial court explicitly stated it considered the factors of R.C. 2929.11 to determine that prison was consistent with its purposes to protect the public from future crime and to punish the offender. R.C. 2929.11(A).
The trial court specifically stated that it had balanced the serious and recidivism factors in R.C. 2929.12. Our review confirms the trial court's conclusion that the case was more serious than conduct normally constituting the offense because of its violent nature and because it was committed to support a long-standing drug habit.
The trial court found significant evidence of the other factor, recidivism, including a pattern of significant criminal convictions without satisfactory rehabilitation. R.C.2929.12(D)(3). Appellant had been on parole for two months when he committed this offense. R.C. 2929.12(D)(1). The trial court emphasized appellant's pattern of drug abuse and that appellant committed the robbery to obtain drugs. R.C. 2929.12(D)(4). The trial court explained it could not sentence appellant to community control, including the community drug treatment facility, because of his criminal history and appellant's need for structure and medical treatment.
Competent, credible evidence supported the trial court's finding, based on R.C. 2929.11 and balancing the factors in R.C.2929.12, that a prison sentence was appropriate in appellant's case.
R.C. 2929.14(C) allows maximum prison terms for a single offense to be imposed upon (1) those who commit the worst forms of the offense, (2) those who pose the greatest likelihood of committing future crime, (3) repeat violent offenders, and (4) major drug offenders. The trial court thoroughly explained why it concluded the first two criteria applied in appellant's case. The court described at length why it had little choice but to impose a maximum sentence.
The record clearly and convincingly supports the maximum sentence of five years imposed by the trial court.
Accordingly, appellant's fourth proposed assignment of error is found not well-taken.
Pursuant to Anders, supra, this court reviewed the record independently to determine that (1) appellate counsel has made a diligent, thorough, and sound effort, and (2) the proceedings below were free from prejudicial error and conducted without infringing appellant's constitutional rights. Our thorough and independent review of the record in this case fails to demonstrate any arguable issues for appellate review.
Therefore, this court finds the issues raised in theAnders brief to be without merit and wholly frivolous. The motion to withdraw filed by appellant's court-appointed counsel is found well-taken and is granted.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 Melvin L. Resnick, J.
 Richard W. Knepper, J.
CONCUR.