JOURNAL ENTRY AND OPINION
Defendant-appellant Allen King appeals from the trial court order that denied his pre-sentence motion seeking-withdrawal of his plea of guilty to one count of felonious assault with a firearm specification.
Appellant contends the trial court order is improper for two reasons. First, appellant contends the trial court failed to adequately comply with the requirements of Crim.R. 11(C) prior to accepting his plea. Second, appellant contends the trial court lacked an adequate evidentiary basis upon which to deny his motion. A review of the record, however, fails to support either of appellant's contentions; therefore, the trial court's order is affirmed.
The record reflects appellant originally was indicted as the result of an incident that occurred on August 12, 1997. Appellant, who was at that time on probation for another offense committed in Geauga County,[1] was walking on Noble Road in Cleveland when he was confronted by Andre Mitchell.
Mitchell, a customer of appellant's car-washing business, was irate due to his belief that appellant had "left a crack pipe in [Mitchell's] car the last time [appellant] washed it."[2]
During the ensuing argument, appellant produced a gun. Although Mitchell attempted to flee, appellant shot him twice in the back. The injuries left Mitchell paralyzed.
Appellant surrendered himself to the police that same day and remained incarcerated thereafter. On October 21, 1997, appellant was indicted by the Cuyahoga County Grand Jury on one count of felonious assault, R.C. 2903.11. The indictment contained firearm language in its body and also carried a firearm specification pursuant to R.C. 2941.145.
Appellant's arraignment occurred on October 24, 1997. He entered a plea of not guilty to the charge and retained Attorney Edwin Vargas to represent him.[3]
The record reflects that four days later, on October 28, 1997, a form was filed with the Clerk of the Cuyahoga County Court of Common Pleas that indicated appellant had executed a waiver of his right to speedy trial. The form contained an "Attestation of Counsel" signed by Vargas.
Subsequently, several pretrials were conducted in the case. On December 3, 1997 the prosecutor and appellant's attorney, William Summers, informed the trial court appellant had agreed to change his plea to the indictment. The trial court conducted a hearing on the matter.
The hearing commenced with the prosecutor's recitation of the charge and the potential penalties involved. Summers indicated he had fully discussed the matter with appellant. Summers further indicated that one of the items taken into consideration in changing the plea was appellant's Geauga County case. Summers stated Vargas had been in communication with appellant's Geauga County probation officer and Vargas also intended to communicate with the Geauga County trial court in an effort to resolve the potential probation violation facing appellant.
At that point, the trial court sought reassurance that appellant "understands that what he is doing this morning has profound implications. He's going to have to go to the penitentiary." Summers stated, "He understands that." The trial court and appellant's counsel then discussed the fact that appellant's sentence in the Geauga County case could be affected. When the trial court asked appellant if he understood that, appellant answered, "Yes, I do, Your Honor." The trial court reminded appellant that the foregoing conversation had been "really primarily for your benefit"; appellant agreed.
Thereupon, the trial court outlined the maximum penalties involved, along with the rights appellant was relinquishing by entering his plea. The trial court also asked appellant if he, in consultation with his attorneys, had "considered whatever defenses might be available to [him]." Appellant responded, "Yes, I have." Furthermore, the trial court asked appellant if he understood he was "giving up a speedy public trial." Appellant answered, "Yes, I do."
When the trial court asked appellant for his plea to the indictment, appellant responded, "Guilty." The trial court accepted appellant's plea, finding that it was made "knowingly, freely, voluntarily, intelligently, without mental reservation, [and] with the effective assistance of [his] attorneys." The trial court then ordered a presentence investigation and report. Sentencing was scheduled for January 6, 1998.
On December 22, 1997 appellant filed a pro se "Motion for Discharge, Dismissal and Acquittal." Therein, appellant argued that the state had not brought him to trial within the time period prescribed by R.C. 2945.71 and that, therefore, the charges against him should be dismissed pursuant to R.C.2945.73.[4]
On December 30, 1997 appellant filed in the trial court a pro se request to dismiss his attorneys. On January 5, 1998 appellant filed a pro se motion to withdraw his plea of guilty. That same day, the trial court issued a journal entry noting that "upon [the] request of [appellant's] probation officer sentencing [was] reset to January 20, 1998 at 9 A.M."
On January 16. 1998 the trial court issued a journal entry denying appellant's pro se motion to withdraw his guilty plea. The record further reflects that on the date set for the sentencing hearing, however, the trial court did not proceed immediately to sentencing; rather, it held a hearing to resolve both appellant's "Rule 32 (sic) motion" and the dismissal of Vargas as his attorney.
Vargas indicated to the court he had not received a copy of appellant's motion to withdraw the plea and requested he be permitted to withdraw as appellant's counsel in the event the trial court might have to call him to testify in the matter.
The trial court asked appellant the basis of his motion. Appellant replied that he recently discovered "there is a special rule, 2945.71, about the speedy trial rule. It states you are supposed to have brought me to trial within ninety days from the date of my arrest, which I turned myself in on August 12th * * * [M]y ninety days would have been upon November the 13th * * * I wasn't let out on anything."
The trial court at that point offered into evidence as "Court's Exhibit A" the file-stamped "Waiver of Speedy Trial" form containing appellant's signature. It stated that since jury waiver forms now were required by Ohio Supreme Court decision to be filed with the clerk's office, it was the court's policy similarly to file all waivers.
Appellant denied the signature on the form was his. Vargas, however, stated to the trial court, "I witnessed him sign that document * * * in my presence." When appellant protested that on October 28, 1997 "[he] stayed downstairs * * * all day long," Vargas countered by stating he witnessed appellant's signature, then took the document to the trial court's bailiff. The trial court's bailiff confirmed Vargas's statement, indicating that upon checking the record for that date, appellant was "the only inmate ordered [upstairs to the court] * * *."
The trial court thereupon stated that it would not permit appellant to withdraw his plea. It ordered appellant to complete a "property sheet" and to sign it, then continued appellant's sentencing until the afternoon.
At the afternoon session, although the trial court indicated it had appointed John Luskin to represent appellant, it was made aware appellant had retained new counsel, Bernard Redfield. The trial court proceeded to explain to Redfield the basis for its decision to deny appellant's motion to withdraw his plea. At this point, Vargas was sworn in as a witness. Vargas testified appellant's speedy trial rights were raised as a concern at the first pretrial since, at the time appellant requested Vargas to represent him, Vargas had previous trial commitments. Vargas stated he told appellant specifically that he could not represent him without appellant's waiver of the right to a speedy trial.
The trial court proceeded to place into the record other examples of appellant's handwriting including, with appellant's permission, appellant's signature on an affidavit of indigency, which was signed in order for appellant to obtain representation by Luskin.
The trial court stated that no expert opinion on the matter was necessary since, in the court's opinion, there was not "a scintilla of doubt in the testimony and exhibits as to the authenticity" of appellant's signature on the waiver form. The trial court reiterated its decision to deny appellant's motion to withdraw his plea. Thereafter, appellant was sentenced to terms of incarceration of three years on the firearm specification, to be served consecutively with a term of six years for the offense.
This court subsequently granted appellant's motion for a delayed appeal of his conviction. Appellant's two assignments of error are addressed together as follows:
ASSIGNMENT OF ERROR NO. I
 THE TRIAL COURT ERRED IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS PLEA WHERE THE RECORD DEMONSTRATES, UNDER THE TOTALITY OF CIRCUMSTANCES, THAT THE DEFENDANT DID NOT UNDERSTAND HIS RIGHTS AND THE CONSEQUENCES OF THE PLEA.
 ASSIGNMENT OF ERROR NO. II
 THE TRIAL COURT ERRED IN DISMISSING THE DEFENDANT-APPELLANT'S SPEEDY TRIAL ISSUE WITHOUT A HEARING WHERE THE RECORD REFLECTS AN APPARENT, SERIOUS AND MATERIAL CONFLICT BETWEEN THE DEFENDANT-APPELLANT AND HIS FORMER COUNSEL.
Appellant essentially asserts the trial court's denial of his motion to withdraw his plea constituted an abuse of discretion, basing this assertion on two arguments: (1) the trial court failed to fully comply with Crim.R. 11(C) prior to accepting appellant's plea since appellant did not fully comprehend the effect of his plea on his probation in the Geauga County case and since the facts concerning the indictment against appellant were not set forth in the record; and (2) the trial court ruled upon appellant's motion without an adequate evidentiary basis upon which to base its decision. A review of the record, however, fails to support appellant's assertions.
Appellant filed his motion to withdraw his guilty plea pursuant to Crim.R. 32.1, which at the time appellant filed his motion stated as follows:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
With regard to a Crim.R. 32.1 motion made prior to sentencing, the standard of appellate review of a trial court's decision is limited to a determination of whether the trial court abused its discretion. State v. Xie (1992), 62 Ohio St.3d 521, syllabus 2; see, also, State v. Peterseim (1980), 68 Ohio St.2d 211
[68 Ohio App.2d 211]; State v. Stewart (Nov. 21, 1990), Cuyahoga App. No. 56472, unreported. Thus, unless it is shown that the trial court's decision was unreasonable, arbitrary or unconscionable, there is no abuse of discretion. State v. Xie,supra, at 527.
Concerning appellant's first argument in support of his assertion, in State v. Nero (1990), 56 Ohio St.3d 106, the supreme court held that as long as a trial court substantially complies with the requirements of Crim.R. 11(C) and the totality of the circumstances demonstrates the defendant "subjectively understands the implications of his plea and the rights he is waiving," nothing further is required.
A review of the transcript of appellant's plea hearing in this case reveals the trial court explained to appellant the charges and the potential penalties; discussed the potential effect on his probation in Geauga County; carefully outlined the rights appellant was waiving, including the right of speedy trial; and briefly engaged appellant in conversation to determine his level of understanding. Appellant's responses to all of this information conclusively demonstrate he subjectively understood all of the issues involved in entering a plea.
Moreover, it must be noted that in noncapital felony cases, there is no specific procedural or substantive requirement that a trial court must obtain "a recitation of facts from anyone before entering a guilty finding." State v. Thorpe (1983), 9 Ohio App.3d 1; see, also, State v. Post (1987). 32 Ohio St.3d 380 at 386-87; Crim.R. 11(C)(4). Cf., R.C. 2937.07; State v. Waddell (1995),71 Ohio St.3d 630; Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148.
Hence, appellant's first argument must fail.
Appellant initially supports his second argument by claiming the trial court failed to hold a hearing on his motion prior to ruling upon it; however, the record reveals that although the trial court issued a journal entry denying the motion on January 16, 1998, it reconsidered its position on the matter by converting appellant's January 20, 1998 sentencing hearing first into a hearing on his motion to withdraw his plea. Appellant's motion thus was fully considered by the trial court as the lengthy transcript plainly demonstrates.
A review of the record of the hearing held on appellant's motion to withdraw his plea in this case reveals the trial court simply did not find appellant's protestations that the signature on the waiver form was not his to be credible. The trial court could not, therefore, find a "reasonable and legitimate basis for the withdrawal of the plea." State v. Xie, supra, at syllabus 1.
The trial court's opinion on this matter was corroborated by the following: (1) the court's own documents, which indicated appellant was brought to the court on October 28, 1997; (2) the court's policies regarding the filing of waiver forms; (3) appellant's case file indicating appellant desired Vargas to be his counsel; (4) Vargas's statement that he told appellant prior to taking the case he could not represent appellant without a speedy trial waiver due to his other trial commitments; and (5) appellant's acknowledgment at the plea hearing that his right to a speedy trial had been considered in his defense.
Under these circumstances, the trial court had an adequate basis for its decision that appellant's signature on the waiver form was genuine without requiring expert testimony on the subject. Moreover, in view of the self-serving nature of appellant's unsupported protestations, this court cannot find the trial court abused its discretion in this matter. State v.Robinson (Mar. 21, 1991), Cuyahoga App. No. 58181, unreported.
 * * * The trial court was in a better position to evaluate * * * than is an appellate court which is only reviewing a record of the hearing. * * * We defer to the judgment of the trial court, because "the good faith, credibility and weight of the movant's assertions in support of the action are matters to be resolved by that court." Smith, 49 Ohio St.2d at 264, 3 O.O.3d at 404, 361 N.E.2d at 1326.
State v. Xie, supra, at 525. (Emphasis added).
For the foregoing reasons, appellant's assignments of error are without merit and are, accordingly, overruled.
The order of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. and ANNE L. KILBANE, J. CONCUR
 _________________________________ PRESIDING JUDGE KENNETH A. ROCCO
[1] Appellant had been convicted for "aggravated drug trafficking" in October, 1996.
[2] Quotes are taken from the transcripts of the hearings held in the trial court.
[3] The record reflects Vargas was assisted in his representation of appellant by Attorney Bill Summers.
[4] R.C. 2945.71 states in pertinent part:
 § 2945.71 Time within which hearing or trial must be held.
* * *
 (c) A person against whom a charge of felony is pending: * * *
 (2) Shall be brought to trial within two hundred seventy days after his arrest.
* * *
 (E) For purposes of computing time under divisions (A), (A), (C)(2) and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. * * *
R.C. 2945.73(B) states:
§ 2945.73 Discharge for delay in trial.
* * *
 (B) Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code.