JOURNAL ENTRY AND OPINION
The appellant, Andrew Dukes, appeals the judgment of the trial court finding him guilty of the offense of escape, pursuant to R.C.2921.34. For the reasons set forth below, we affirm the decision of the trial court.
The appellant was under the supervision of the Ohio Adult Parole Authority. On April 24, 2000, he failed to report to his supervising parole officer as required under the terms of his release from prison and further failed to report his whereabouts after the April 24th incident.
On October 4, 2000, a one-count indictment was filed against the appellant which stated:
 The Jurors of the Grand Jury of the State of Ohio, within and for the body of the county aforesaid, on their oaths, in the name and by the authority of the state of Ohio, do find and present, that the above named defendant(s), on or about the date of the offense set forth above, in the County of Cuyahoga, unlawfully and knowing he was under detention or being reckless in that regard, did purposely break or attempt to break such detention, and the offense for which the defendant was under detention was a felony of the first or second degree.
On January 24, 2000, the appellant withdrew his original plea of not guilty and entered a plea of no contest to the charge of escape. After the trial court accepted the appellant's no contest plea, the appellant was sentenced to a two-year term of incarceration to be served concurrently with the sentence imposed for an additional case.
The appellant now appeals the court's acceptance of his no contest plea and asserts the following sole assignment of error:
 THE TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT GUILTY UPON HIS PLEA OF NO CONTEST, WHERE THE EVIDENCE PRESENTED BY THE STATE FAILED TO SUPPORT EACH OF THE ELEMENTS OF R.C. 2921.34 AND WHERE THE ELEMENTS WERE NOT SET FORTH IN THE APPELLANT'S INDICTMENT.
The appellant maintains that where the indictment fails to adequately charge a felony offense, a court must rely on the explanation of the circumstances before it can properly accept a plea and find the appellant guilty. The appellant further asserts that since the indictment and the prosecutor's statement of the facts failed to establish that the appellant possessed the knowledge that he was under detention for a felony of the first or second degree, the trial court did not possess sufficient evidence to find the appellant guilty of escape.
Crim.R. 11(B)(2) states in part:
 The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.
Additionally, as this court has stated in State v. Thorpe (1983),9 Ohio App.3d 1,
 A plea of no contest followed by a finding of guilt is not equivalent to a trial to the court, because the prosecution does not have the obligation to present evidence proving the defendant guilty beyond a reasonable doubt.
In this case, the prosecutor stated on the record:
 That is the State's understanding, that the defendant will enter a plea of no contest. Had this case gone to trial, the state would have expected to have proven its case of escape beyond a reasonable doubt, your honor, in that on April 24th of the year 2000, the defendant, who was on post-conviction * * * on parole failed to report to his parole officer at that time * * * as indicted it's a felony of the third degree.
Considering the facts stated in the complaint and the recitation of facts established on the record, there was sufficient evidence presented that the appellant was under detention at the time he failed to report to his parole officer; therefore, by pleading no contest, he admitted to the knowledge of his prior charge and conviction, thereby admitting the facts comprising the crime of escape. The appellant's sole assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., AND COLLEEN CONWAY COONEY, J., CONCUR.