This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Rick Moore, appeals from the judgment of the Summit County Court of Common Pleas, which convicted him of failing to provide notice of change of address. We affirm.
{¶ 2} In March of 2002, the Summit County Grand Jury indicted Defendant on two counts of failure to provide notice of change of address, in violation of R.C. 2950.05. Defendant subsequently filed a motion to dismiss the indictment. On May 28, 2002, the trial court denied Defendant's motion and Defendant then entered a "no contest" plea to count one. The State dismissed count two of the indictment. The court found Defendant guilty and sentenced him accordingly. Defendant timely appealed raising three assignments of error for our review. Assignments of error one and three will be addressed jointly to facilitate review.
 ASSIGNMENT OF ERROR I
{¶ 3} "The trial court erred when it found Defendant guilty of count one, notice of change of address, upon Defendant's no contest plea, as the stipulated facts do not support count one of the indictment."
 ASSIGNMENT OF ERROR III
{¶ 4} "[Defendant] asserts that placement into the Oriana House was not a `change of residence' requiring him to notify the sheriff, therefore, he was under no duty to register pursuant to R.C. 2950.05."
{¶ 5} In his first and third assignments of error, Defendant maintains that the State did not establish the elements of failure to report a change of address. He essentially argues that his entrance into the Oriana House, at the direction of his parole officer, did not constitute a change of address to which R.C. 2950.05 applies. However, this distinction is not material to this case as a defendant who has pled no contest to a charge cannot later challenge his conviction on the grounds that there is insufficient evidence to support it. State v. Lowe
(Mar. 24, 1995), 2nd Dist. Nos. 93-CA-54 and 93-CA-55. See State v.Satterwhite (Oct. 19, 1994), 9th Dist. No. 16772, at 4.
{¶ 6} An offender's duty to report a change of address is set forth in R.C. 2950.05(A): "[i]f an offender is required to register pursuant to [R.C. 2950.04], the offender, at least seven days prior to changing the offender's residence address during the period during which the offender is required to register, shall provide written notice of the residence address change to the sheriff with whom the offender most recently registered[.]"
{¶ 7} Count One of the indictment states that Defendant "did commit the crime of notice of change of address in that he did, having been required to register pursuant to [R.C. 2950.04] fail at least seven days prior to changing residence address, and/or fail to provide written notice of such residence address change to the sheriff *** in violation of [R.C. 2950.05], a felony of the fifth degree." (Emphasis sic.) Defendant concedes that he had a duty to register his address pursuant to R.C. 2950.04, but maintains that his stay at the Oriana House did not constitute a residence address change. However, Defendant entered a "no contest" plea to this action.
{¶ 8} Crim.R. 11(B)(2) provides in part: "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment[.]" A defendant waives his right to a finding of guilt beyond a reasonable doubt upon entering a no contest plea. State v. Stow Veterans Assn. (1987), 35 Ohio App.3d 45,46. In felony cases where a defendant pleads no contest, the state is not obligated to present evidence proving the defendant guilty beyond a reasonable doubt. State v. Kutz (1993), 87 Ohio App.3d 329, 337, citingState v. Thorpe (1983), 9 Ohio App.3d 1, 2. See Crim.R. 11(C)(4). A conviction is improper "when statements of factual matter presented to the court in support of the indictment negate the existence of an essential element of the offense charged." Stow Veterans Assn.,35 Ohio App.3d at 46, citing State v. Mercure (Jan. 29, 1986), 9th Dist. No. 3898, at 2-3.
{¶ 9} Furthermore, "in a felony case, neither the Criminal Rules nor statutes require a[n] *** explanation of circumstances to the trial judge prior to a finding of guilt[.] *** The trial court needs only to examine the facts alleged in the indictment to determine whether a defendant is guilty of the crime charged." (Citations omitted.) Kutz,87 Ohio App.3d at 337, citing Thorpe, 9 Ohio App.3d at 2; Crim.R. 11(C)(4).See, also, State v. Harrison (May 28, 1999), 6th Dist. No. L-98-1333. In non-capital felony cases where a no contest plea has been accepted, there is no requirement for the court to obtain testimony or a recitation of facts before a guilty finding may be entered. Lowe, supra, citingThorpe, 9 Ohio App.3d at 3 (Markus, J., concurring). See, also, Crim.R. 11(C)(4). Therefore, the trial court has authority in felony cases to determine whether the facts alleged in the indictment are sufficient to justify a conviction for the charged offense. Thorpe, 9 Ohio App.3d at 3
(Markus, J., concurring).
{¶ 10} Moreover, the record indicates that counsel for Defendant waived such an explanation of the circumstances prior to the trial court's finding of guilt. Defendant's counsel agreed that it "[would not] be necessary to recite the facts or allegations for the record[.]" In the alternative, the court acknowledged the following stipulated facts and found Defendant guilty: on July 27, 2001, Defendant registered his address with the sheriff and on November 11, 2001, Defendant was admitted to the Oriana House, at the direction of his parole officer, to participate in a 90-day program.
{¶ 11} There being nothing in the stipulated statement to negate the essential elements of the offense charged in the indictment, this Court concludes that Defendant's arguments cannot prevail in light of his no contest plea. Accordingly, Defendant's first and third assignments of error are overruled.
 ASSIGNMENT OF ERROR II
{¶ 12} "R.C. 2950.05 is void for vagueness as a person of common intelligence would not be able to ascertain what was expected of him, and the statute provides no standards."
{¶ 13} In his second assignment of error, Defendant argues that R.C. 2950.05 is unconstitutionally vague and thus void.[1] We decline to further address this assignment of error for the reasons stated below.
{¶ 14} Defendant presents constitutional challenges to R.C. 2950.05
that he did not raise at the trial court level, and therefore did not properly preserve them for appeal. "Failure to raise at the trial level the issue of the constitutionality of a statute or its application, which is apparent at the time of trial, constitutes a waiver of such issue *** and therefore need not be heard for the first time on appeal." State v.Pitts, 9th Dist. No. 20976, 2002-Ohio-6291, at ¶ 106, quoting Statev. Awan (1986), 22 Ohio St.3d 120, syllabus. See, also, State v.Jefferson (Mar. 21, 2001), 9th Dist. No. 20156, at 4 (holding that defendant's failure to raise the constitutionality of a statute at the trial court level waived such issue on appeal). Accordingly, we decline to further address Defendant's constitutional challenges. Defendant's second assignment of error is overruled.
{¶ 15} Defendant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
WHITMORE, J. and BATCHELDER, J. CONCUR.
[1] We note that the Ohio Supreme Court has previously declared R.C. 2950 to be facially constitutional in State v. Williams (2000),88 Ohio St.3d 513, 534.