OPINION
{¶ 1} Appellant David A. Baush appeals the sentence rendered by the Delaware Municipal Court.
 {¶ 2} Appellee is the State of Ohio
 STATEMENT OF THE FACTS AND CASE {¶ 3} The charges in this case arose from an incident which occurred on May 20, 2006, at the Alum Creek State Park involving an undercover park officer who approached the defendant outside of a public restroom at the Lewis Center Marina Cove in Delaware County, Ohio. The officer struck up a conversation with the defendant about sight-seeing and the surroundings in the area and he invited the defendant to walk down a wooded trail with him. The officer reported that while they were walking towards the trails, Appellant touched his private area. The officer identified himself as a park officer, arrested Appellant and charged him with sexual imposition in violation of R.C. §2907.06. (T. at 215-227).
 {¶ 4} On June 6, 2005 the appellant was arraigned in the Delaware Municipal Court and he entered a plea of not guilty. Appellant at that time stated that he intended to hire an attorney. Appellant was then taken to the clerk's window to sign the not guilty plea form. Appellant did not check the box for a jury trial or to waive time. The court set the matter for a bench trial later that same month and sent notice of the scheduled trial to Appellant.
 {¶ 5} On June 29, 2005 the matter came on for a bench trial. At that time Appellant made an oral motion for a continuance in order to obtain an attorney. On the record in open court, Appellant explained that upon receiving the trial notice, he attempted to obtain a lawyer. He stated that he contacted, among others, attorney Eric Allen to represent him. Apparently, Appellant was not able to come up with the required retainer by the day prior to the hearing, so Atty. Allen informed Appellant that he would not be in a position to appear in court to represent him for his bench trial at 3:00 p.m. the following day.
 {¶ 6} At the bench trial/hearing, Appellant addressed the court and expressed his desire to have legal counsel. He explained his unsuccessful attempts to retain an attorney prior to the bench trial/hearing.
 {¶ 7} Upon inquiry from the trial court inquired as to why Appellant had not called or spoken to the prosecutor about the need for counsel or a continuance to secure counsel, Appellant informed the court that he "didn't want to call up here and talk to the prosecutor, because [he had] never talked to a prosecutor."
 {¶ 8} The trial court ultimately granted Appellant's request for a continuance in order to secure the assistance of counsel. As the proceeding was concluding and Appellant was preparing to leave the courtroom, the following exchange took place:
 {¶ 9} "Judge Sunderman: Alright. We'll get this rescheduled, if you want to talk to Mr. Corroto before you leave you can but (inaudible)
 {¶ 10} "David Baush: Well he said something to me about talking to me, I don't know if he wants to or not.
 {¶ 11} "Judge Sunderman: I think maybe he wants to tell you that there might be some offer to resolve this case, but that's up to you whether you want to discuss that with him or not.
 {¶ 12} "David Baush: That's fine.
 {¶ 13} "Judge Sunderman: Your [sic] certainly not required since you're going to be contacting counsel." (T. at lines 131-139).
 {¶ 14} Appellant did meet with the Prosecutor at that time which resulted in the two reaching a plea agreement. The proceedings were adjourned for approximately fifteen minutes and the proceedings resumed on the record.
 {¶ 15} On the record the prosecutor moved the Court to amend the complaint to state a violation of R.C. § 2907.09(A)(3). The Court then approved the motion by the State of Ohio to amend the complaint to reflect a different offense, to wit: public indecency in violation of R.C. § 2907.09(A)(3).
 {¶ 16} Appellant entered a plea of no contest to the amended charge.
 {¶ 17} The trial court made a finding of guilty and imposed a sentence consisting of a suspended thirty day jail sentence, a fine of $250 and a term of probation. The trial court further ordered the Appellant to refrain from entering any Ohio state park for a period of two years.
 {¶ 18} Appellant timely filed a notice of appeal, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 19} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE SUBSTANTIAL RIGHTS OF THE APPELLANT AND COMMITTED AN ABUSE OF DISCRETION BY FAILING TO ENTER A FINDING OF NOT GUILTY UPON APPELLANT'S PLEA OF NO CONTEST BECAUSE THE UNDERLYING FACTS AS RECITED BY THE PROSECUTOR AND ADMITTED TO BY APPELLANT DID NOT SUPPORT A FINDING OF GUILT.
 {¶ 20} "II. THE ATTENDANT CIRCUMSTANCES SURROUNDING THE CHANGE OF PLEA PROCEEDING CREATED ERROR PREJUDICIAL TO THE APPELLANT'S SUBSTANTIAL RIGHTS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATE CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION."
 I. {¶ 21} In his first assignment of error, Appellant maintains the trial court's finding of guilt was an abuse of discretion "because the underlying facts as recited by the prosecutor and admitted to by the Appellant did not support a finding of guilt.
 {¶ 22} Essentially, Appellant is arguing that the trial court's finding of guilt, based on his plea of no contest, was against the sufficiency of the evidence.
 {¶ 23} A plea of no contest constitutes an admission of the facts alleged in the indictment and waives any argument concerning the sufficiency of the evidence. See Crim.R. 11(B).
 {¶ 24} The Complaint in the case sub judice alleged that " On or about 20 May, 2005, at 4:23 p.m. in Orange Township, Delaware County, Ohio" the Appellant "did unlawfully violate sexual imposition: did have sexual contact with D. Svab, not the spouse of the Defendant, knowing that the sexual contact was offensive to D. Svab or being reckless in that regard. In violation of Section 2907.06(A)(1)."
 {¶ 25} Based on the plea agreement in this matter, the charge of Sexual Imposition was reduced and amended to Public Indecency, in violation of R.C. 2907.09(A)(3), a fourth degree misdemeanor.
 {¶ 26} While no complete transcript of the change of plea hearing was filed with the record, Appellant has attached a copy of same to his brief, which includes the following:
 {¶ 27} Court: "And do you understand that this amended charge of public indecency is a misdemeanor of the fourth degree, it carries up to thirty days in jail up to a $250 fine or both?
 {¶ 28} Court: "Yes your honor.
 {¶ 29} "* * *
 {¶ 30} Court: "Alright. What I'm gonna do is a, um, Mr. Corroto give me brief statement of facts, and uh, if there's anything you wish to respond to or say your welcome to do that and then we'll move right ahead. So, Mr. Corrotto.
 {¶ 31} Prosecutor: "Thank you. The officers that were here, uh officers (inaudible) and office (inaudible) testified today that May 20 about 4:23 in the afternoon, uh officer (inaudible) was undercover came in contact with Mr. Baush in the picnic area of Lewis center Marina, at the Marina Cove, they had some discussion about sight seeing, the creek, the officers under this, in this under cover operation, he, he tells the court, the report when they were walking towards the trails, that uh Mr. Baush touched his private area, uh, he then identified himself as an officer and arrested him your honor. With respect to the amendment, actually Nicole and I discussed this case and the appropriate charge being under the public indecency C section, the A3 which is just conduct than an ordinary observe would appear to be sexual conduct, um, and that's what we thought was appropriate for what occurred and what the report of the officers n the report, uh, I think uh, verify that 3 section, um and I'd ask the court to follow the recommendations with respect to Mr. Baush's change of plea your honor. Thank you.
 {¶ 32} "* * *
 {¶ 33} Court: "Alright. Based on this statement of the facts, then I'll enter a finding of guilty. Mr. Baush is there anything you want to say?
 {¶ 34} Appellant: "No your honor." (T. at lines 196-232).
 {¶ 35} By pleading no contest, Appellant admitted to the facts as set forth above. Thus, appellant's argument that the state did not have competent evidence to show that he committed the offense of public indecency is without merit
 {¶ 36} "By entering a plea of no contest, appellant has waived certain constitutional rights, including the right to have the state prove its case beyond a reasonable doubt." Id.,
citing State v. Hale (Nov. 15, 1993), Butler App. No. CA93-040-65, unreported, at 5, citing State v. Pernell (1976),47 Ohio App.2d 261. "The court can only weigh the evidence where the defendant has pled not guilty and evidence on both sides has been presented." Wells at 1, citing State v. McGhee (Jan. 18, 1995), Montgomery App. No. 14515, unreported, at 2.
 {¶ 37} Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 38} In his second assignment of error, Appellant argues that his constitutional right to counsel was violated. We disagree.
 {¶ 39} A review of the transcript reveals that Appellant knowingly, intelligently waived all of his rights, on the record, in open court:
 {¶ 40} Court: "So your intention is to enter a no contest plea to this amended charge of public indecency, correct?
 {¶ 41} Appellant: "Yes, your honor, and again I'm sorry about the attorney thing and taken up everybody's time.
 {¶ 42} Court: ". . . So, I just want to make sure your doing this of your own free will and not because you feel some kind of concern, fear, compulsion anything of that nature.
 {¶ 43} Appellant: "No, no it's of my own free will.
 {¶ 44} Court: "And you understand that by entering this plea of no contest you are giving up your right to be represented by a lawyer, and you are giving up your right to a trial, do you understand that? Now you signed here a, this green colored form that's a waiver of rights with plea form indicated your intention to enter this no contest plea, obviously it contains a complete recitation of your statutory and constitutional rights, rights your [sic] giving up simply for purposes of this plea, so did you read that document did you understand it before you signed it?
 {¶ 45} Appellant: "Yes your honor.
 {¶ 46} Court: "and your [sic] entering her a no contest plea now that plea is not an admission of your guilt . . . but when you plea a no contest you are admitting that the facts in this amended charge are true, and in all likelihood I will find you guilty and if I do I'll sentence you here this afternoon, do you understand that?
 {¶ 47} Appellant: "Yes your honor." (T. at lines 176-209).
 {¶ 48} Based on the above, we do not find that Appellant's constitutional right to counsel was violated.
 {¶ 49} Appellant's second assignment of error is overruled.
 {¶ 50} The judgment of the Delaware Municipal Court is affirmed.
By: Boggins, J. Wise, P.J., and Gwin, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware Municipal Court, Delaware County, Ohio, is affirmed.
Costs assessed to Appellant.