[Cite as *State v. Bowlin*, 2014-Ohio-327.]

IN THE COURT OF APPEALS FOR MIAMI COUNTY, OHIO

STATE OF OHIO                                      :

    Plaintiff-Appellee                         :           C.A. CASE NO.    2013 CA 10

v.                                                :           T.C. NO.    12CR466, 13CR42
                                                   13CR78

JEFFREY M. BOWLIN                                  :           (Criminal appeal from
                                            Common Pleas Court)

    Defendant-Appellant                        :

                                   :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the     31st     day of      January     , 2014.

. . . . . . . . . .

ANTHONY E. KENDELL, Atty. Reg. No. 0067242, 201 W. Main Street, Prosecutor's Office, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

MEAGAN N. FITZGERALD, Atty. Reg. No. 0089161, 123 Market Street, P. O. Box 910, Piqua, Ohio 45356
        Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**    Defendant-Appellant Jeffery M. Bowlin was indicted on three counts of

Aggravated Robbery in violation of R.C. 2911.01(A)(1),one count of Abduction in violation

of R.C. 2905.02(A)(2), one count of Assault of an Officer in violation of R.C. 2903.13(A), and one count of Vandalism in violation of R.C. 2909.05(B)(2). On March 5, 2013, Mr. Bowlin entered a no contest plea to three counts of Aggravated Robbery in return for dismissal of the other charges. The trial court imposed a sentence of five years for Case number 13CR42B, five years for Case number 13CR78, and seven years for Case number 12CR466, to run concurrently, with five years mandatory post-release control. Additionally, Mr. Bowlin agreed to pay restitution in Case number 12CR466A in the amount of $2,375.00 on the dismissed Vandalism charge. Mr. Bowlin timely appealed on April 4, 2013 and counsel was appointed to prosecute the appeal.

{¶ 2}     On August 23, 2013, appointed counsel filed an *Anders* brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), wherein counsel represented that there were no arguably meritorious issues to present on appeal. By magistrate's order on August 30, 2013, this court advised Mr. Bowlin that an *Anders* brief had been filed by his counsel and of the significance of an *Anders* brief. Mr. Bowlin was granted sixty days from August 30, 2013 to file a pro se brief assigning error for an independent review by this court. Mr. Bowlin has filed nothing with this court.

{¶ 3}     Although Mr. Bowlin's attorney represented that there were no arguably meritorious issues to present on appeal, she did identify five potential assignments of error. The first potential assignment of error identified is "whether the State presented sufficient facts at the plea hearing to support Appellant's no contest plea." A plea of no contest in a felony does not require the same fact finding as a trial to the court "because the prosecution does not have the obligation to present evidence proving the defendant guilty beyond a

reasonable doubt." *State v. Thorpe,* 9 Ohio App.3d 1, 2, 457 N.E.2d 912 (8th Dist. 1983). Further, "where the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the trial court must find the defendant guilty of the charged offense." *State ex rel. Stern v. Mascio,* 75 Ohio St.3d 422, 425, 662 N.E.2d 370 (1996). Each indictment returned against Mr. Bowlin alleged the elements necessary to satisfy a violation of R.C. 2911.01(A)(1) which supports a finding of guilty on his no contest pleas. Accordingly, this potential assignment of error is without arguable merit.

{¶ 4} The next potential assignment of error raised by appointed counsel was "whether the trial court erred by failing to comply with Crim. R. 11 in accepting Appellant's plea." A review of the record indicates that the trial court scrupulously conducted a comprehensive plea colloquy with Mr. Bowlin. Following a thorough review of the record we conclude that Mr. Bowlin's no contest pleas were knowing, voluntary and intelligent. Therefore, the second potential assignment of error has no arguable merit.

{¶ 5} The third potential assignment of error advanced by appointed counsel is "whether the trial court erred by failing to rule on Appellant's request for jury instruction on lesser included offense." This assignment is rendered moot because Mr. Bowlin waived his right to jury trial in this case.Therefore, the third potential assignment of error has no arguable merit.

{¶ 6} The fourth potential assignment of error is "whether the trial court erred in finding no flaws in the effectiveness of counsel." A review of the record indicates no deficient performance by Mr. Bowlin's counsel. In fact, when asked directly about counsel

by the trial court, Mr. Bowlin indicated that he was "[s]atisfied with his advise, counsel and competence."(Plea Tr. at 8). Accordingly, the fourth potential assignment of error lacks arguable merit.

{¶ 7} The final potential assignment of error raised by appointed counsel is "whether the trial court erred by sentencing Appellant to a term of incarceration allowable by law." Pursuant to R.C. 2911.01(C), Aggravated Robbery is a felony of the first degree. Pursuant to R.C. 2929.14, the prison term is between three and eleven years. Mr. Bowlin's sentences were within that parameter and were run concurrently. Further, it has not been argued that the trial court abused its discretion in sentencing Mr. Bowlin, nor does the record support such a claim. In fact, the record supports the conclusion that Mr. Bowlin has a significant record of adjudications of delinquency as a juvenile and prior convictions as an adult which included imprisonment. Accordingly, the fifth assignment of error is without arguable merit.

{¶ 8} In accordance with our responsibilities under *Anders*, we have independently reviewed the entire record of this case and we conclude that there are no arguably meritorious issues for appeal and we find that this appeal is entirely frivolous.

{¶ 9} Accordingly, the judgment appealed from is affirmed.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Anthony E. Kendell
Meagan N. Fitzgerald
Jeffrey M. Bowlin
Hon. Robert J. Lindeman