THE STATE OF OHIO, APPELLEE, *v.* McCOOL, APPELLANT.

(Nos. 54403 and 54404—Decided October 3, 1988.)

*John T. Corrigan,* prosecuting attorney, and *Michael Nolan,* for appellee.

*Thomas M. Shaughnessy* and *Edward J. Sullivan,* for appellant.

MARKUS, P.J. The defendant appeals from his convictions on no contest pleas to ten counts of bribery and two counts of theft in office. He argues that the court (a) should have granted his earlier motion to dismiss the theft in office charges, and (b) imposed an unreasonably harsh sentence. We reject those contentions. However, we recognize as unassigned plain error the court's failure to merge one bribery conviction into each theft in office conviction in these circumstances.

I

The defendant does not dispute that he accepted bribes to avoid assignments of criminal cases to selected judges rather than permitting random lot assignments. However, he challenges the two "theft in office" convictions, on the ground that the state could not prove that he committed a "theft offense."

He contends that he did not commit a "theft offense" by accepting bribes. The state argues that his ac-

ceptance of such bribes is a "theft offense" because it would have violated former R.C. 2919.03. Before the legislature repealed that section in 1974, it prohibited any public employee from "convert[ing] to his own use anything of value that comes into his possession by virtue of such office or employment."

R.C. 2921.41(A) defines the offense of "theft in office." It provides in relevant part:

"No public official * * * shall commit any theft offense, as defined in division (K) of section 2913.01 of the Revised Code, when * * *:

"(1) The offender uses his office in aid of committing the offense, or permits or assents to its use in aid of committing the offense * * *."

R.C. 2913.01(K) includes the following in its definitions of a "theft offense":

"(1) A violation of * * * [twenty-eight listed sections of the Revised Code, none of which applies here];

"(2) A violation of an existing or former municipal ordinance or law of this or any other state or the United States substantially equivalent to any section listed in division (K)(1) of this section;

"(3) An offense under an existing or former municipal ordinance or law of this or any other state or the United States involving robbery, burglary, breaking and entering, theft, embezzlement, wrongful conversion, forgery, counterfeiting, deceit, or fraud;

"(4) A conspiracy or attempt to commit, or complicity in committing any offense under division (K)(1), (2), or (3) of this section."

The defendant's legal arguments might well have merit in other circumstances. R.C. 2921.41(A) requires proof of a "theft offense" to prove "theft in office." Contrary to the prosecutor's argument, R.C. 2913.01(K) apparently defines a violation of a

former law as a "theft offense" solely for recidivist penalty enhancements. See, e.g., R.C. 2913.02(B), 2913.51(B).

Presumably, the legislature did not define a *current* offense by reference to all active and repealed offenses in this and every other state. Indeed, such an uncertain definition for an offense might not pass constitutional muster. The legislature directs us to resolve any doubt about such matters in the defendant's favor. R.C. 2901.04(A).

However, the defendant in this case entered no contest pleas to the two challenged charges for theft in office. The two indictments alleged:

"Raymond F. McCool [the defendant], being a public official, did commit a theft offense, the said Raymond F. McCool, having used his office or permitted or assented to its use in aid of committing this offense, in violation of Section 2921.41 of the Ohio Revised Code."

By his no contest pleas, the defendant admitted "the truth of the facts alleged in the indictment * * *." Crim. R. 11(B)(2). The court so advised him before he entered those pleas. Thus, he waived any complaint about the evidence that the state might produce to support the contested charges, when he entered his no contest pleas. The indictments alleged all necessary facts to assert the theft in office charges. Consequently, the court properly found the defendant guilty when he admitted those facts by his pleas. *State* v. *Thorpe* (1983), 9 Ohio App. 3d 1, 3, 9 OBR 1, 3, 457 N.E. 2d 912, 915.

At the same time, we recognize that the court should not have sentenced the defendant for both bribery and an allegedly consequent theft in office. The same criminal conduct reportedly constituted both offenses. Hence, R.C. 2941.25 required the court to merge those pairs of convictions. Cf. *State* v. *McGhee* (1987), 37 Ohio App.

3d 54, 62-63, 523 N.E. 2d 864, 874; *State* v. *Tatum* (May 21, 1987), Cuyahoga App. No. 52137, unreported.

Accordingly, we overrule appellant's first assignment of error but strike the two convictions for theft in office.

## II

The defendant's remaining two assigned errors challenge the court's sentence as unduly harsh. More specifically, the defendant complains that the court ordered consecutive sentences for nine of the twelve convictions and fined him $14,000.

Each of the twelve convictions is a third degree felony, punishable by imprisonment for a definite term of one year, eighteen months, or two years, plus a fine up to $5,000. The court sentenced the defendant to one year for each of the ten bribery convictions and two years for each of the two theft in office convictions. Nine bribery sentences run consecutively; the remaining bribery sentence and both theft in office sentences run concurrently with those nine bribery sentences. The court also fined him $500 for one bribery and $1,500 each for the other nine briberies, with no fine for the thefts in office.

Ordinarily, the trial judge has discretion whether to impose consecutive or concurrent sentences. *State* v. *Johnson* (1978), 57 Ohio App. 2d 263, 269, 11 O.O. 3d 338, 341, 387 N.E. 2d 247, 251. In exercising that discretion, the court should be mindful of statutory factors which favor shorter or longer sentences. *Cleveland* v. *Egeland* (1986), 26 Ohio App. 3d 83, 89-90, 26 OBR 258, 264, 497 N.E. 2d 1383, 1391. The court presumably considered those statutory factors unless the record supports a contrary conclusion. *State* v. *Adams* (1988), 37 Ohio St. 3d 295, 525 N.E. 2d 1361, paragraph

three of the syllabus. In this case, the trial court apparently considered those factors, since it obtained a presentence report and discussed its contents with the defendant and his counsel. Cf. *State* v. *Turner* (1987), 37 Ohio App. 3d 38, 523 N.E. 2d 326.

The defendant has not demonstrated from the record that the court abused its discretion. The court had authority to impose consecutive sentences which aggregate fifteen years. See R.C. 2929.41(E)(3). R.C. 2929.13(B) lists factors which militated toward a longer sentence here:

"(1) The defendant, by the duties of his office or by his position, was obliged to prevent the particular offense committed or to bring the offenders committing it to justice;

"(2) The defendant held public office at the time of the offense, and the offense related to the conduct of that office;

"(3) The defendant utilized his professional reputation or position in the community to commit the offense, or to afford him an easier means of committing it, in circumstances where his example probably would influence the conduct of others."

The defendant's previous law-abiding life and the likelihood that he would never repeat the offense encouraged a shorter sentence. R.C. 2929.13(A)(1), (5) and (6). Some members of this panel might have imposed a less severe penalty. However, from the record before us, we cannot conclude that the court abused its discretion by ordering that the stated sentences would run consecutively.

Similarly, the defendant failed to demonstrate that the court abused its discretion by imposing an aggregate fine of $14,000. The defendant reportedly committed the offenses for the "purpose of gain," so a fine was appropriate. R.C. 2929.14(B). Even with the required merger discussed

earlier, the court had statutory authority to impose fines which would aggregate $50,000 for ten third degree felonies. R.C. 2929.11(C)(3). The record does not show that the defendant was indigent, or that he lacked resources to pay that fine "without undue hardship to himself or his dependents * * *." See R.C. 2929.14(C).

Here again, some members of the panel might have imposed a lesser fine, but we cannot say that the trial court abused its discretion. Accordingly, we overrule the second and third assigned errors. We affirm the trial court's judgment, except for its failure to merge two offenses. Consequently, we modify the judgment by striking the convictions for theft in office and affirm the judgment as so modified.

*Judgment affirmed in part, reversed in part and cause remanded.*

NAHRA and STILLMAN, JJ., concur.

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, sitting by assignment.