OPINION
Appellant Samual Perrin filed a delayed appeal and is appealing the decision of the Licking County Court of Common Pleas which found him guilty of five counts of aggravated trafficking in cocaine. The following facts give rise to this appeal.
In August 1995, with the assistance of a confidential informant, the Licking County Police Department purchased cocaine, from appellant, on five separate occasions. As a result of these purchases, the Licking County Grand Jury indicted appellant, on December 15, 1995. The indictment contained five counts of aggravated trafficking. The indictment also contained a specification, to the five counts, which alleged appellant used a 1987 Buick Sedan to facilitate the commission of the five counts of aggravated trafficking.
This matter proceeded to trial on April 18, 1996. Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court proceeded to sentence appellant to one and one-half years on each count. The trial court ordered the sentences to be served consecutively and suspended appellant's driver's license for a period of six months on each count. The trial court also forfeited appellant's Buick Sedan.
On May 10, 1996, the trial court appointed counsel to represent appellant on appeal. It appears from the record that appointed counsel never pursued this matter. Therefore, on August 11, 1998, appellant filed a motion for delayed appeal. We granted appellant's motion. The trial court appointed counsel to represent appellant, on his delayed appeal, on August 12, 1998. Appointed counsel has not filed a brief in this matter. We will therefore address those assignments of error appellant sets forth in his pro se brief filed on August 11, 1998.
 I. THE TRIAL COURT ABUSED IT'S (SIC) DISCRETION WHEN NOT ALLOWING APPELLANT TO PLEA BARGAIN, THEREFORE, DENYING APPELLANT EQUAL PROTECTION TO THE LAW.
 II. THE STATE VINDICTIVLY (SIC) PROSECUTED APPELLANT, WHEN NOT DISMISSING COUNTS OF THE INDICTMENT.
 III. THE TRIAL COURT ABUSED IT'S (SIC) DISCRETION WHEN ORDERING COUNTS OF THE INDICTMENT BE SERVED CONSECUTIVELY.
 IV. THE TRIAL COURT IMPOSED A DISPROPORTIONATE SENTENCE FOR THE OFFENSE WHICH VIOLATED APPELLANT'S EIGHT (SIC) AMENDMENT RIGHT OF CRUEL AND UNUSUAL PUNISHMENT.
 V. WHEN SENTENCING APPELLANT TO 90 MONTHS FOR .6 GRAMS OF COCAINE VIOLATED THE EIGHT (SIC) AMENDMENT CRUEL AND UNUSUAL PUNISHMENT CLAUSE.
 I
Appellant maintains, in his first assignment of error, he was denied equal protection because the trial court should have offered him a plea bargain. We disagree.
Specifically, appellant contends plea bargains are common when dealing with drug charges and he should have been offered a plea agreement. Appellant cites to no case law to support this proposition nor do we know of the existence of any that would support appellant's claim. There exists no constitutional or statutory requirement that a defendant be offered a plea bargain. Further, even if a defendant is offered a plea bargain, it is still within the trial court's discretion whether to accept a defendant's guilty plea. State v. Jackson (1980), 68 Ohio App.2d 35, paragraph one of the syllabus.
Because appellant has no right to be offered a plea agreement, appellant was not denied equal protection of the law.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant maintains the state should have dismissed counts of the indictment because the officer's involved in the drug buys were in dereliction of duty in violation of R.C. 2921.44. We disagree.
Appellant claims there was no need to make a total of five buys and the officers should have arrested him after the first buy. Appellant fails to indicate under what subsection of R.C.2921.44 the officers were derelict. Based on our review of the statute, we find no language contained in R.C. 2921.44 which would require an officer to immediately arrest a defendant after making a drug buy. It is not uncommon practice for officers to make several buys prior to arresting a defendant.
Appellant's second assignment of error is overruled.
 III
In his third assignment of error, appellant contends the trial court abused its discretion when it ordered appellant to serve his five convictions for aggravated trafficking consecutively. We disagree.
It is well settled that the decision whether a criminal defendant is to serve the sentences for all his or her crimes consecutively or concurrently is a matter committed to the sound discretion of the trial court. State v. Johnson (1988), 40 Ohio St.3d 130,133-134, certiorari denied (1989), 489 U.S. 1098; Statev. White (1985), 18 Ohio St.3d 340, 342; State v. Moss (1982),69 Ohio St.2d 515, certiorari denied (1983), 459 U.S. 1200. As an appellate court, we will not reverse the trial court's decision on sentencing matters unless the sentence is incorrect or the trial court abused its discretion by failing to consider the sentencing factors listed in R.C. 2929.12. State v. Sibert (1994), 98 Ohio App.3d 412,432.
Upon review of the record, we do not find the trial court abused its discretion in sentencing appellant to five consecutive terms. R.C. 2929.41 addresses multiple sentences and provides:
 (B) A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:
 (1) When the trial court specifies that it is to be served consecutively;
* * *
Clearly, the trial court acted within its authority when it sentenced appellant to consecutive terms. Further, the length of the sentences are permitted by statute.
Appellant also maintains the trial court failed to review, prior to sentencing him, the factors contained in R.C. 2929.12. Although the sentencing judgment entry does not indicate the trial court considered the factors contained in R.C. 2929.12, we must presume the trial court considered those factors. See State v.Adams (1988), 37 Ohio St.3d 295, paragraph three of the syllabus;State v. McCool (1988), 46 Ohio App.3d 1, 3.
Appellant's third assignment of error is overruled.
 IV
Appellant maintains, in his fourth assignment of error, the sentence imposed by the trial court is disproportionate to the crime committed and therefore, violates his Eighth Amendment right against cruel and unusual punishment. We disagree.
As a general rule, an appellate court will not review a trial court's exercise of discretion in sentencing when the sentence imposed is within the limits authorized by the applicable statute.State v. Hill (1994), 70 Ohio St.3d 25, 29. We previously determined appellant's sentence does not exceed the permissible limits for aggravated trafficking. Thus, to warrant constitutional intervention, "[t]he penalty must be so greatly disproportionate to the offense as to shock the sense of justice in the community."State v. Chaffin (1972), 30 Ohio St.2d 13, paragraph three of the syllabus.
In the case sub judice, the trial court sentenced appellant to serve five consecutive eighteen-month terms of incarceration for aggravating trafficking in cocaine. Appellant's separate sentences are within the statutory limits permitted for aggravated trafficking. The punishment imposed is not so greatly disproportionate to the offense as to shock the sense of justice in the community.
Appellant's fourth assignment of error is overruled.
 V
Appellant maintains, in his fifth assignment of error, the trial court erred when it failed to consider sentencing factors contained in R.C. 2929.12 and R.C. 2929.13. We disagree.
Appellant argues the trial court failed to recite or find on the record any factors that would support the imposition of the maximum sentence. R.C. 2929.12 addresses factors a trial court is to consider in determining the minimum term of imprisonment for a felony. R.C. 2929.13 addresses the sentencing criteria a trial court should consider for third or fourth degree felony offenses. As noted in appellant's third assignment of error, where the record is silent, we are to presume the trial court considered those factors contained in R.C. 2929.12. Adams at paragraph three of the syllabus; McCool at 3.
Because the trial court is not required to recite each of the factors and make a finding of its relevancy and weight, we find the trial court complied with R.C. 2929.12 and R.C. 2929.13.
Appellant's fifth assignment of error is overruled.
 VI
In his final assignment of error, appellant contends the trial court unlawfully seized his 1987 Buick Sedan because it did not have a hearing and issue a jury instruction concerning whether the vehicle should be seized. We agree.
R.C. 2925.42 provides for the criminal forfeiture of property used in or resulting from the commission of a felony drug abuse offense or act. See State v. Hill (1994), 70 Ohio St.3d 25,30-32. Any person who is convicted of, or pleads guilty to a felony drug abuse offense forfeits to the state any right, title, or interest in that property if: (a) the property constitutes, or is derived from proceeds obtained from the commission of a felony drug offense, or (b) the property was used or intended to be used in any manner to commit or facilitate the commission of the felony drug abuse or act. R.C. 2925.42(A)(1); Rice v. Logan Cty. Bd. ofCommrs. (1996), 114 Ohio App.3d 198, 202. A criminal forfeiture is a special proceeding conducted after a finding of guilt within the existing criminal action, and the trial court then proceeds to order the forfeiture to the state under R.C. 2925.42(D). A third-party who asserts an interest in property that is subject to a forfeiture order may petition the trial court for a hearing to adjudicate the validity of that person's alleged right, title, or interest in the property. R.C. 2925.42(F)(3)(a).
In support of this assignment of error, appellant contends he was entitled to a hearing or special verdict before the trial court ordered the Buick Sedan forfeited. Our review of the record indicates the state failed to comply with the requirements of R.C.2925.42(B)(3)(a). This statute provides, in pertinent part:
 (3)(a) If a person is convicted of * * * a felony drug offense * * * then a special proceeding shall be conducted in accordance with this division to determine whether any property described in division (B)(1)(a) or (b) of this section will be the subject of an order for forfeiture under this section. Except as otherwise provided in division (B)(3)(b) of this section, the jury * * * or if that action was a nonjury action, the judge in that action shall hear and consider testimony and other evidence in the proceeding relative to whether any property described in division (B)(1)(a) or (b) of this section is subject to forfeiture under this section. If the jury or judge determines that the prosecuting attorney has established, by a preponderance of the evidence, that any property so described is subject to forfeiture under this section, the judge * * * shall render a verdict of forfeiture that specifically describes the right, title, or interest in property or the property that is subject to forfeiture under this section.
Based on the above statute, we remand this matter to the trial court for the trial court to conduct the required forfeiture hearing. On remand, "* * * the trial court must make an independent determination whether forfeiture of * * * [the 1987 Buick Sedan was] an `excessive fine' prohibited by the Excessive Fine Clauses of the Ohio and United States Constitutions." Statev. Hill (1994), 70 Ohio St.3d 25, syllabus.
Appellant's sixth assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
By: Wise, P.J., Gwin, J., and Hoffman, J., concur.
______________________________
______________________________
 ______________________________ JUDGES
JWW/d 29
JUDGMENT ENTRY
CASE NO. 1998CA00083
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed in part, reversed in part and remanded.
______________________________
______________________________
 ______________________________ JUDGES