OPINION
{¶ 1} Appellant, David F. Martin, appeals the judgment entered by the Lake County Court of Common Pleas. Martin was sentenced to multiple prison terms, including a life term, following his convictions for rape and gross sexual imposition.
 {¶ 2} Martin sexually abused two of his children and two of his stepchildren. As a result, Martin was indicted on four counts of rape and four counts of gross sexual imposition. All of the counts alleged the victim was less than thirteen years old at the time of the offense. In addition, all four rape counts had a force specification.
 {¶ 3} Martin pled guilty to three counts of rape and one count of gross sexual imposition. One of these rape counts carried a force specification. In exchange for the guilty plea, the remaining charges were dismissed. In addition to pleading guilty, Martin stipulated to a sexual predator adjudication.
 {¶ 4} A jointly-recommended sentence was submitted to the trial court. The court imposed the sentence. Martin was sentenced to life in prison on count one (rape with a force specification) and a three-year prison term on count three (gross sexual imposition). These sentences were ordered to be served consecutively. In addition, Martin was sentenced to terms of seven to twenty-five years on counts five and seven (both rape) to be served concurrently to each other but consecutively to the sentences imposed on counts one and three.
 {¶ 5} Martin raises two assignments of error. His first assignment of error is:
 {¶ 6} "The trial court erred by accepting appellant's guilty plea without first finding that appellant was aware that the court could immediately proceed to judgment and sentencing upon acceptance of his plea, pursuant to Crim.R. 11."
 {¶ 7} There are certain constitutional and procedural safeguards that a court is required to adhere to before accepting a guilty plea from an accused. Some of these safeguards are in Crim.R.11(C)(2), which states, in relevant part:
 {¶ 8} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following: * * * (b) [i]nforming the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence."
 {¶ 9} This court has held that "[t]he waiver of constitutional rights in Crim.R. 11(C)(2)(c) requires strict compliance on the part of the trial court."[1] However, "[t]he trial court need not exercise such strict adherence when discussing the nonconstitutional requirements of Crim.R. 11(C)(2)(a) and (b)."[2] Moreover, in State v. Nero, the Supreme Court of Ohio stated "[l]iteral compliance with Crim.R. 11 is certainly the preferred practice, but the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance."[3] Substantial compliance occurs when, by a totality of the circumstances, the defendant subjectively understood the rights he was waiving and the other implications of his plea.[4]
 {¶ 10} Martin has failed to file a transcript of the guilty plea hearing. Pursuant to App.R. 9, appellant has a duty to file a transcript of all portions of proceedings necessary for the court to consider the appeal. When an appellant fails to provide a complete transcript, the appellant cannot demonstrate the claimed error, and the reviewing court has no choice but to presume the regularity of the proceedings and affirm the judgment of the trial court.[5] Without a transcript of the guilty plea hearing, we are unable to find that the trial court failed to comply with Crim.R. 11 when it accepted Martin's guilty plea.
 {¶ 11} In addition, advising the defendant that the court may proceed directly to sentencing is a nonconstitutional right.[6] Thus, the trial court needed only to substantially comply with this requirement.[7] The record before this court suggests that the trial court did substantially comply with Crim.R. 11, because Martin was informed that the trial court could proceed directly to sentencing. Specifically, Martin and his attorney signed a written plea of guilty. This document contained the following language, "I know the judge may either sentence me today or refer my case for a presentence report."
 {¶ 12} Again, with an incomplete record, we are unable to detect any error on behalf of the trial court. Further, the portions of the record properly before this court suggest that Martin's rights were not violated and the trial court substantially complied with Crim.R. 11.
 {¶ 13} Finally, even if we were to find error on the part of the trial court, this error would not necessitate a reversal. A criminal defendant who challenges a guilty plea on the grounds that it was not entered into knowingly and voluntarily, must show a prejudicial effect.[8] Martin is alleging that the trial court erred by accepting his guilty plea without informing him that the court could immediately proceed to judgment and sentencing. It should be noted that the trial court did not proceed directly to sentencing. Martin signed the guilty plea form at the hearing on May 3, 2002. The sentencing hearing was held on June 7, 2002, and the judgment entry of sentence was filed on June 20, 2002.
 {¶ 14} In addition, the transcript of the sentencing hearing reveals that Martin and his defense counsel continued to admit guilt. At no time did either allege that the guilty plea was not knowingly or voluntarily entered into. In fact, both Martin and his attorney acknowledge there was a joint sentencing recommendation and indicated that they were in agreement with it. Therefore, any alleged error on behalf of the trial court was harmless, because Martin has not shown any prejudice.
 {¶ 15} Martin's first assignment of error is without merit.
 {¶ 16} Martin's second assignment of error is:
 {¶ 17} "The trial court abused its discretion by imposing consecutive sentences upon appellant."
 {¶ 18} Initially, we note that the sentence imposed upon Martin was jointly recommended by the defense and the state. Had all the crimes been committed after July 1, 1996, Martin would be precluded from challenging the sentence pursuant to R.C.2953.08.[9] This section precludes appellate review of sentences that are (1) jointly recommended, (2) not contrary to law, and (3) imposed by a sentencing judge.[10] However, Martin received indeterminate prison terms of seven to twenty-five years on counts five and seven. These terms were ordered to be served concurrent to each other, but consecutive to the sentences imposed on counts one and three. The offenses comprising counts five and seven occurred prior to July 1, 1996. Therefore, the pre-Senate Bill 2 version of the sentencing statutes applies in these charges. The pre-Senate Bill 2 version does not contain the preclusion language regarding jointly-recommended sentences.
 {¶ 19} The trial court may have overlooked this technicality, because the trial court informed Martin that he would not be able to appeal the sentence because it was a jointly-recommended sentence. Martin indicated he understood that he would be unable to appeal the sentence. Despite this colloquy, we will address Martin's second assignment of error on its merits, as the preclusion does not apply to the sentences imposed for counts five and seven.
 {¶ 20} Again, the convictions on counts five and seven were for crimes committed prior to July 1, 1996. The Senate Bill 2 sentencing guidelines would not apply to these sentences. Prior to Senate Bill 2, it was within the trial court's discretion to impose consecutive or concurrent sentences.[11] In addition, there was presumption that the trial court properly applied the statutory factors for imposing sentences.[12]
However, the trial court imposed the sentences for the crimes committed prior to July 1, 1996 to be served consecutively to the sentences for the crimes committed subsequent to July 1, 1996. The sentencing guidelines enacted by Senate Bill 2 apply to the crimes committed after July 1, 1996. The Second Appellate District has addressed a similar situation.[13] InBowers, the court held that the Senate Bill 2 sentencing guidelines pertaining to consecutive sentences apply in a situation where a trial court orders sentences for crimes committed prior to July 1, 1996 to be served consecutively to crimes committed after July 1, 1996. We agree.
 {¶ 21} We recognize that we are using pre-Senate Bill 2 law on the issue of whether Martin may appeal a jointly-recommended sentence, but we are using post-Senate Bill 2 law on the issue of the trial court's obligations regarding consecutive sentences. However, in each instance, we are giving Martin the benefit of applying the version of the statute which provides him the most safeguards.
 {¶ 22} Pursuant to Senate Bill 2, the trial court is required to make certain findings before issuing consecutive sentences. Some of those required findings are set forth in R.C.2929.14(E)(4), which stated at the time the crimes relating to counts one and three were committed:
 {¶ 23} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 24} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
 {¶ 25} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 26} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 27} In addition to the findings mandated by R.C.2929.14(E)(4), the trial court is required to state its reasons for imposing consecutive sentences pursuant to R.C.2929.19(B)(2)(c), which states:
 {¶ 28} "(B)(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 29} "* * *
 {¶ 30} "(c) If it imposes consecutive sentences under section2929.14 of the Revised Code, its reasons for imposing consecutive sentences[.]"
 {¶ 31} In order to comply with these sentencing provisions, the record must contain specific operative facts that indicate the trial court considered the statutory factors in its sentencing decision.[14] Moreover, a mere repetition of the statutory language is insufficient without an analysis of how the defendant's conduct met the factors contained therein.[15]
"The verb `finds,' as used in R.C. 2929.14(E)(4), means that `the court must note that it engaged in the analysis' called for by the statute."[16]
 {¶ 32} The trial court made the following findings in its judgment entry of sentence:
 {¶ 33} "Pursuant to R.C. Section 2929.14(E), the Court finds for the reasons stated on the record that consecutive sentences are necessary to protect the public from future crime or to punish the defendant and are not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public, and the harm caused by the multiple offenses committed by the defendant was so great or unusual that no single prison term of any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the defendant's conduct. The defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant."
 {¶ 34} In addition, the court stated these findings nearly verbatim at the sentencing hearing. These statements are nearly an exact recitation of the statutory language.
 {¶ 35} The Supreme Court of Ohio has recently held, "[p]ursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing."[17]
 {¶ 36} On the record at the sentencing hearing, the court made the following findings:
 {¶ 37} "The Court finds the following factors have increased the seriousness of these offenses. The victims in this case were very young children, biological children and stepchildren. The victims suffered serious psychological harm. You caused physical harm to those individuals as well. Your relationship with the victims, as their father and stepfather under your roof clearly facilitated the offense having been committed. The court finds you have, in fact served a prison term previously as indicated on the record previously."
 {¶ 38} The court also noted Martin's extensive criminal record. The court then stated, "with all that being said," and proceeded to impose the sentence, including consecutive sentences. Thereafter, the court recited the statutory factors of R.C. 2929.14(E)(4). While the better practice would have been to reiterate its reasons for imposing consecutive sentences immediately following the recitation of the statutory factors of R.C. 2929.14(E)(4), a review of the record reveals the trial court complied with the sentencing statutes, by stating its reasons in support of consecutive sentences on the record.
 {¶ 39} Martin's second assignment of error is without merit.
 {¶ 40} The judgment of the trial court is affirmed.
Ford, P.J., and Rice, J., concur.
[1] State v. Mallon (Dec. 17, 1999), 11th Dist. No. 98-T-0032, 1999 Ohio App. LEXIS 6131, at *8.
[2] Id.
[3] State v. Nero (1990), 56 Ohio St.3d 106, 108, citingState v. Stewart (1977), 51 Ohio St.2d 86.
[4] Id. at 108, citing State v. Stewart, supra, and State v.Carter (1979), 60 Ohio St.2d 34, 38.
[5] State v. Benson, 11th Dist. No. 2001-P-0086, 2002-Ohio-6942, at ¶ 36, citing State v. Plough (June 8, 2001), 11th Dist. No. 99-P-0029, 2001 Ohio App. LEXIS 2571, at *8-9.
[6] See Crim.R. 11(C)(2)(b) and State v. Mallon, at *5.
[7] Id. at *8.
[8] State v. Nero, supra, citing State v. Stewart, supra.
[9] See State v. Salsgiver (Aug. 10, 2001), 11th Dist. No. 2000-T-0048, 2001 Ohio App. LEXIS 3529, at *3.
[10] Id.
[11] State v. Kubik (Apr. 26, 1996), 11th Dist. No. 94-G-1874, 1996 Ohio App. LEXIS 1713, at *10-11, citing State v.McCool (1988), 46 Ohio App.3d 1, 3.
[12] (Citations omitted.) State v. McCool,46 Ohio App.3d at 3.
[13] State v. Bowers (Oct. 12, 2001), 2d. Dist. No. 2001-CA-20, 2001 Ohio App. LEXIS 4592, at *12.
[14] State v. Baldwin (June 29, 2001), 11th Dist. No. 99-A-0069, 2001 Ohio App. LEXIS 2965, at *16, citing State v.Kase (Sept. 25, 1998), 11th Dist. No. 97-A-0083, 1998 Ohio App. LEXIS 4498, at *4.
[15] Id., see, also, State v. Gary (2001),141 Ohio App.3d 194, 197.
[16] State v. Moore (2001), 142 Ohio App.3d 593, 597, quotingState v. Edmonson (1999), 86 Ohio St.3d 324, 326.
[17] State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at paragraph one of the syllabus.