OPINION
{¶ 1} David L. Pelfrey appeals from his conviction and sentence for Involuntary Manslaughter and Tampering with Evidence. Pelfrey contends that the trial court erred in denying his motion to withdraw his guilty plea, because it was a manifest injustice for him to remain incarcerated for more than five years, the amount of prison time agreed to by the State, which induced him into entering a guilty plea.
 {¶ 2} Although the trial court did not expressly overrule Pelfrey's motion to withdraw his guilty plea, the trial court's October 30, 2001 judgment entry granting Pelfrey's motion for super shock probation implicitly overruled his motion to withdraw his guilty plea. Therefore, we do not reach the merits of Pelfrey's First Assignment of Error, because his appeal was filed on June 18, 2003, beyond the thirty-day time limit proscribed by App.R. 4(A).
 {¶ 3} Pelfrey contends that the trial court erred in reimposing his sentence from his 1995 conviction for Involuntary Manslaughter and Tampering with Evidence, to be served consecutively with his four year sentence of imprisonment for his 2002 conviction for Tampering with Records. Pelfrey contends that the trial court failed to make the requisite statutory findings required by the sentencing statutes as revised by Senate Bill 2 on July 1, 1996.
 {¶ 4} We conclude that the requirements of Senate Bill 2 for the imposition of consecutive sentences do not apply, because the sentencing guidelines enacted by Senate Bill 2 apply to crimes committed after July 1, 1996 and Pelfrey appeals from his 1995 conviction and sentence involving offenses committed in 1995. After reviewing the record, we conclude that the trial court complied with the law as it existed prior to Senate Bill 2 in imposing the consecutive sentence.
 {¶ 5} Pelfrey also contends that in reimposing the sentence from his 1995 case, the terms of his plea agreement, in which it was agreed that Pelfrey would serve a five-year prison term and then be released, were breached. We conclude that the record does not reflect that the plea agreement consisted of Pelfrey serving five years in prison and then being released.
 {¶ 6} Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 7} In February, 1995, David Pelfrey was indicted on the charges of Involuntary Manslaughter and Tampering with Evidence. In April, 1995, Pelfrey reached a plea agreement with the State on the day of his trial. At the plea hearing, the following exchange occurred regarding the plea agreement.
 {¶ 8} "THE COURT: My understanding is that there are some terms and conditions of the plea agreement referred to as far as sentencing that should be stated into the record.
 {¶ 9} "MR. DIVINE: Please the Court, the sentence that we are asking the Court to give in this case on the homicide is six to 25, six years minimum, 25 maximum. In the tampering with evidence charge, we are requesting the Court to sentence the Defendant one and half years. Those sentences to run consecutive to one another.
 {¶ 10} "And, furthermore, it is requested the Court sentence the Defendant today, without benefit of a presentence investigation.
 {¶ 11} "THE COURT: Mr. Gump?
 {¶ 12} "MR. GUMP: That is a correct statement. I have informed the Court that they might receive from Case No. 90-CR-388/A the information necessary, and we would waive the presentence report.
 {¶ 13} "I have also informed Mr. Pelfrey that although he is eligible for probation and super shock probation, that he would not — and would be eligible for release as early as five years, he would not be able to file that motion until the termination of five years.
 {¶ 14} "THE COURT: Very well. Do you understand that to be a part of the plea agreement in this case, Mr. Pelfrey, that the Court is going to proceed to sentence you on the recommended sentences at this point?
 {¶ 15} "DEFENDANT PELFREY: Yes, sir.
 {¶ 16} "THE COURT: Other than that, has anyone promised you anything in order to get you to make the guilty pleas in these cases?
 {¶ 17} "DEFENDANT PELFREY: No, sir."
 {¶ 18} The trial court accepted Pelfrey's guilty pleas to both counts and sentenced Pelfrey to a prison term of not less than six and not more than twentyfive years for the Involuntary Manslaughter conviction and one and a half years for the Tampering with Evidence conviction, to be served consecutively.
 {¶ 19} In June, 2000, the trial court filed an order and entry overruling a motion for super shock probation for Pelfrey, but then filed an order vacating the entry, nunc pro tunc, on the basis that no motion for super shock probation had been filed.
 {¶ 20} In August, 2001, Pelfrey filed a motion to withdraw his guilty plea and a motion for super shock probation. After six and a half years of imprisonment, Pelfrey requested that his guilty plea be withdrawn because it was a manifest injustice for him to remain incarcerated for more than five years, the amount of prison time agreed to by the State, which induced him into entering a guilty plea. Pelfrey requested that in the alternative, he be granted super shock probation. Pelfrey attached an affidavit of his former attorney, Dennis Gump, in which Gump averred that in the plea agreement, Pelfrey agreed not to file for super shock probation until after the expiration of five years and the State agreed not to oppose the granting of super shock probation after the expiration of five years, provided that Pelfrey did not get into trouble while incarcerated.
 {¶ 21} The State did not respond to Pelfrey's motion for super shock probation, but filed a response to Pelfrey's motion to withdraw his guilty plea, contending that Pelfrey failed to demonstrate a manifest injustice. The State contended that no promise was made to Pelfrey that he would be released after serving five years in prison or that he would be granted super shock probation after five years. The State contended that the agreement was that Pelfrey would not be eligible for super shock probation until he served five years in prison.
 {¶ 22} On October 9, 2001, Pelfrey filed a motion to withdraw his motion for super shock probation and a request for a hearing on his motion to withdraw his guilty plea. On October 19, 2001, Pelfrey again filed a motion for super shock probation, and the State subsequently filed a memorandum contra Pelfrey's motion for super shock probation, requesting that his motion for super shock probation be denied.
 {¶ 23} Eleven days after the filing of the State's memorandum contra, the trial court granted Pelfrey's motion for super shock probation. The trial court noted that "[a]t the time of Defendant's plea, the State agreed that Defendant should serve a minimum of 5 years, but that failing a parole release for institutional good behavior, thereafter the State would not oppose the Court's favorable consideration of shock probation — this to effectively limit a potential incarceration period of up to 25 years." The trial court filed a termination entry ordering that Pelfrey's sentence be suspended and that Pelfrey be placed on super shock probation for a period not to exceed five years. The trial court listed special conditions and noted that if Pelfrey violated any of the conditions, or if he violated any law, the trial court could impose a longer time under the same condition, impose a more restrictive condition, or impose prison terms of six to twenty-five years and eighteen months, consecutively.
 {¶ 24} In 2002, Pelfrey was indicted for Tampering with Records, in violation of R.C. 2913.42(A)(1). Following a jury trial, Pelfrey was found guilty of Tampering with Records. At Pelfrey's sentencing hearing, the trial court found, based on Pelfrey's new conviction, that he had violated the conditions of his probation. The trial court reimposed the original sentence from the 1995 case against Pelfrey, with credit for time served. The trial court also sentenced Pelfrey to four years of imprisonment for the Tampering with Records conviction, to be served consecutively with the reimposed sentence.
 {¶ 25} Pelfrey appealed from his conviction and sentence in his 2002 case, but did not assign any errors concerning his sentence. We affirmed the judgment of the trial court in the 2002 case. State v. Pelfrey,
Montgomery App. No. 19955, 2004-Ohio-3401, at ¶ 28. Now, Pelfrey appeals from his conviction and sentence in his 1995 case.
 II {¶ 26} Pelfrey's First Assignment of Error is as follows:
 {¶ 27} "Whether the court erred in not allowing defendant to withdraw his guilty plea because of the manifest injustice in failing to accord the original sentencing plea agreement and thereby violated defendant's constitutional right to due process under the Fifth, Sixth, andFourteenth Amendment of the United States Constitution and Article ISection 10 of the Ohio State Constitution."
 {¶ 28} Pelfrey contends that the trial court erred in denying his motion to withdraw his guilty plea, because it was a manifest injustice for him to remain incarcerated for more than five years, the amount of prison time agreed to by the State, which had induced him into entering a guilty plea. Pelfrey contends that the plea agreement consisted of his being released from prison at the end of a five-year term and that the terms of the plea agreement were not honored when he was not released after the five year term.
 {¶ 29} The State contends that Pelfrey has failed to demonstrate a manifest injustice. The State contends that the plea agreement was that Pelfrey would not be eligible for super shock probation until he served five years in prison, not that Pelfrey would be granted super shock probation and released after serving five years in prison.
 {¶ 30} Although the trial court did not expressly overrule Pelfrey's motion to withdraw his guilty plea, the trial court's October 30, 2001 judgment entry granting Pelfrey's motion for super shock probation implicitly overruled Pelfrey's motion to withdraw his guilty plea. App.R. 4(A) provides that a notice of appeal shall be filed within thirty days of the judgment entry. Pelfrey filed this appeal on June 18, 2003. Therefore, we do not reach the merits of Pelfrey's First Assignment of Error, because it was not filed within the time limits proscribed by App.R. 4(A).
 {¶ 31} Were we to reach the merits of this claim, we would reject it. The trial court did not agree, as part of the plea agreement, that it would grant Pelfrey's motion for super shock probation. Although the State appears to have breached its agreement not to oppose Pelfrey's motion when it ultimately filed a memorandum opposing the motion, the trial court in fact granted the motion just eleven days later, so that Pelfrey was not damaged by the State's breach of the agreement. Pelfrey seems to be upset that he had to wait a year and a half longer than five years before his motion for super shock probation was considered and granted, but this was the consequence of his not having filed the motion as soon as the five years had elapsed. The record reflects that Pelfrey's motion for super shock probation, which Pelfrey withdrew and subsequently re-filed at one point, was considered and ruled upon within reasonable time.
 {¶ 32} Pelfrey's First Assignment of Error is overruled.
 III {¶ 33} Pelfrey's Second Assignment of Error is as follows:
 {¶ 34} "Whether defendant's combined sentence based on consecutive sentences for multiple convictions and multiple cases was supported by sufficient evidence, erronious [sic] as a matter of law, and excessive to the point of violating defendant's constitutional right to due process and free of cruel and unusual punishment under the Fifth, Eighth, andFourteenth Amendment of the United States Constitution and Article ISection 10 of the Ohio State Constitution."
 {¶ 35} Pelfrey contends that the trial court erred in reimposing his sentence from his 1995 case to be served consecutively with his four-year sentence of imprisonment in his 2002 case. Pelfrey contends that the trial court failed to make the requisite statutory findings required by the sentencing statutes as revised by Senate Bill 2 on July 1, 1996.
 {¶ 36} The State contends that Pelfrey waived this issue when he failed to raise it in the appeal of his 2002 case. We disagree. In our view, Pelfrey could assign error with respect to sentencing in connection with either his appeal from his 1995 conviction and sentence, or his appeal from his 2002 conviction and sentence, or in connection with both appeals.
 {¶ 37} We first note that although Pelfrey's probation violation occurred in 2002, he appeals from a 1995 conviction and sentence. InState v. Proctor, Carroll App. No. 682, 1998 WL 336946, at *2, the court found that "[w]hile appellant was convicted and sentenced prior to the effective date of S.B. 2 for the charge of receiving stolen property, the sentence was suspended in lieu of probation. It was only after S.B. 2 came into effect that the probation violation occurred and the original sentence was reimposed. Despite the timing of the probation violation, the sentence as handed down by the trial court must be imposed pursuant to the law as it existed prior to S.B. 2." The sentencing guidelines enacted by Senate Bill 2 apply to crimes committed after July 1, 1996. Because Pelfrey committed the crimes of Involuntary Manslaughter and Tampering with Evidence in 1995, prior to the enactment of Senate Bill 2 on July 1, 1996, the requirements of Senate Bill 2 for the imposition of consecutive sentences do not apply.
 {¶ 38} When sentencing a defendant for an offense that occurred prior to Senate Bill 2, the court must comply with sentencing law as it existed prior to the Act. Prior to Senate Bill 2, R.C. 2929.41(B), regarding consecutive sentencing, stated as follows:
 {¶ 39} "(B) A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:
 {¶ 40} "(1) When the trial court specifies that it is to be served consecutively;
 {¶ 41} "(2) When it is imposed for a violation of division (A)(2), (3), or (4) of section 2907.21, division (B) of section 2917.02, section2907.321, section 2907.322, division (B)(5) or (6) of section 2919.22, section 2921.34, or division (B) of section 2921.35 of the Revised Code, for a violation of section 2907.22 of the Revised Code that is a felony of the second degree, or for a violation of section 2903.13 of the Revised Code for which a sentence of imprisonment is imposed pursuant to division (C)(2) of that section;
 {¶ 42} "(3) When it is imposed for a new felony committed by a probationer, parolee, or escapee;
 {¶ 43} "(4) When a three-year term of actual incarceration is imposed pursuant to section 2929.71 of the Revised Code;
 {¶ 44} "(5) When a six-year term of actual incarceration is imposed pursuant to section 2929.72 of the Revised Code."
 {¶ 45} "Prior to Senate Bill 2, it was within the trial court's discretion to impose consecutive or concurrent sentences. In addition, there was presumption that the trial court properly applied the statutory factors for imposing sentences." State v. Martin, Lake App. No. 2002-L-110, 2004-Ohio-518, at ¶ 20, footnotes omitted.
 {¶ 46} In imposing a consecutive sentence, the trial court in this case made the following findings:
 {¶ 47} "JUDGE KESSLER: Mr. Pelfrey, I — I recognize the efforts that you made pursuant to the opportunity that were — that was given to you previously, but I also must, in sentencing, take into account the fact that you committed this offense in 2002-2786, and the other allegations that were made against you in reference to your performance on Judicial Release in 95-CR-227.
 {¶ 48} "The Court takes judicial notice in relation to that of the new conviction and considers that condition of Judicial Release — conditions of Judicial Release to have been violated.
 {¶ 49} "With respect to that case, the `95 case, the original sentence is ordered to be reimposed against you. You will receive credit against that sentence for all time that you've spent in confinement, originally and then pending this Revocation Hearing today.
 {¶ 50} "With respect to Case 2002-CR-2786, the Judgment and Sentence of the Court is that you be confined for a period of four years at the Ohio Department of Rehabilitation and Correction. This sentence is ordered served, as required by Ohio law, consecutively with the Judicial Release sentence which has been reimposed."
 {¶ 51} We conclude that the trial court complied with the sentencing law as it existed prior to Senate Bill 2. After reviewing the record, we conclude that the trial court did not abuse its discretion in re-imposing Pelfrey's sentence from his 1995 case to be served consecutively with his four year sentence of imprisonment in his 2002 case.
 {¶ 52} We note that had Pelfrey raised the same assignment of error in his appeal from his 2002 conviction and sentence, the current sentencing guidelines established by Senate Bill 2 would have applied. In State v.Bowers, Clark App. No. 2001-CA-20, 2001-Ohio-1444, 2001 WL 1202775, at *5, we found that the trial court ordered three counts to be served consecutively to each other where two of the three counts were for an offense that occurred after July 1, 1996 and one of the three counts was for an offense that occurred prior to July 1, 1996, predating the current sentencing guidelines established by Senate Bill 2. We concluded that the trial court erred in ordering the two counts to be served consecutively, either to each other or to the sentence imposed on the one count for the offense that occurred prior to July 1, 1996, because the two counts were subject to current sentencing guidelines established by Senate Bill 2 which required the trial court to make findings that the trial court failed to make. Id. Therefore, had Pelfrey raised this assignment of error in the appeal of his 2002 conviction and sentence, where the offense of which he had been convicted, Tampering with Records, was committed after July 1, 1996, the consecutive sentence would have been subject to the current sentencing guidelines established by Senate Bill 2.[1]
 {¶ 53} Pelfrey also contends that in reimposing the sentence from his 1995 case, the terms of his plea agreement, in which it was agreed that Pelfrey would serve a five-year prison term and then be released, were breached. We disagree.
 {¶ 54} The record shows that at Pelfrey's 1995 plea hearing, Pelfrey informed the trial court that he understood that the terms of the plea agreement were that the State was recommending a sentence of six to twenty-five years of imprisonment for the Involuntary Manslaughter conviction and eighteen months of imprisonment for the Tampering with Evidence conviction, to be served consecutively, and that Pelfrey would not seek super shock probation until he had served five years in prison. Pelfrey then informed the trial court that no promises had been made to him by anyone to get him to plead guilty to the charges. This is consistent with the affidavit, attached to Pelfrey's motion to withdraw his guilty plea and motion for super shock probation, of Pelfrey's former attorney, Dennis Gump, wherein Gump averred that Pelfrey agreed not to file for super shock probation until after the expiration of five years. We conclude that the record does not support Pelfrey's claim that the plea agreement consisted of his serving five years in prison and then being released.
 {¶ 55} Pelfrey argues that when the trial court granted his motion for super shock probation, it found that the plea agreement was breached when Pelfrey served more than five years in prison. We disagree.
 {¶ 56} When the trial court granted Pelfrey's motion for super shock probation, the trial court stated that "[a]t the time of Defendant's plea, the State agreed that Defendant should serve a minimum of 5 years, but that failing a parole release for institutional good behavior, thereafter the State would not oppose the Court's favorable consideration of shock probation — this to effectively limit a potential incarceration period of up to 25 years." The trial court did not reach the conclusion that the plea agreement was breached at the point when Pelfrey served more than five years in prison. There was never any agreement that Pelfrey would be released from incarceration after five years on any terms other than super shock probation, which he got. That left him exposed to the possibility that the original sentence would be reimposed if he were to violate the terms of his probation, which he did when he committed the Tampering with Records offense in 2002.
 {¶ 57} Pelfrey's Second Assignment of Error is overruled.
 IV {¶ 58} Both of Pelfrey's Assignments of Error having been overruled, the judgment of the trial court is Affirmed.
Brogan, P.J., and Grady, J., concur.
[1] We note further that Pelfrey's appellate counsel appears to concede that upon this record the trial court could have made the requisite findings for consecutive sentences, but argues that the trial court failed to do so. While it may seem hypertechnical for us to hold that Pelfrey could have assigned this as error in connection with his appeal from his 2002 conviction and sentence, but may not do so in connection with this appeal from his 1995 conviction and sentence, we find no great injustice in this case. `He who lives by a technicality, dies by a technicality.'